[No. 13995. Department One. — January 19, 1891.]

IN THE MATTER OF THE ESTATE OF CAVE J. COUTS, DECEASED.

ESTATES OF DECEASED PERSONS — SALE OF REALTY — PETITION OF CREDITOR OF EXECUTOR — NONSUIT. — Where a petition for the sale of the real estate of a decedent, presented by a creditor of the executor whose claim has been allowed by the court, states sufficient facts to justify the sale, and the petitioner introduces evidence tending to prove every material allegation of the petition, it is error to grant a nonsuit on motion of the devisees.

ID. — ALLOWANCE FOR SERVICES DURING ADMINISTRATION — PETITION OF CLAIMANT — NEGLECT OF EXECUTOR. — A claimant for services rendered to the estate during administration, whose claim has been allowed by the court as a proper expense of administration, may apply for a sale of the real estate to pay his claim, if the executor has not funds sufficient to pay it, and neglects to apply for the order of sale.

ID. — CONSTRUCTION OF CODE — CREDITORS OF EXECUTORS — EXPENSES OF ADMINISTRATION. — Sections 1536 and 1545 of the Code of Civil Procedure are intended to afford creditors of the executors as well as creditors of the decedent the means of securing payment of their claims against the estate, and contemplate expenses of administration which the executor neglects or refuses to pay.

ID. — UNPAID CLAIMS AGAINST EXECUTOR — SETTLEMENT OF ACCOUNT — JURISDICTION. — Claims against an executor for services rendered or materials furnished to the estate during administration need not be paid until they are allowed in the settlement of his account; but the court may determine, after notice to all persons interested, whether the estate is liable at all, and if so, in what amount.

ID. — SETTLEMENT OF EXECUTOR'S ACCOUNT — APPEALABLE ORDER. — An order settling the account of an executor is appealable.

ID. — CONCLUSIVENESS OF ALLOWANCE OF CLAIM — PETITION FOR SALE OF REALTY. — The allowance by the court of a claim for services rendered to an executor as part of the expenses of administration included in his account is conclusive against all parties interested, except those laboring under disability, if no appeal is taken from the order settling the account, and cannot be questioned by the devisees upon a petition for the sale of realty to pay the claim.

APPEAL from an order of the Superior Court of San Diego County granting a nonsuit.

The facts are stated in the opinion of the court.

*Leovy & Humes,* and *Conklin & Hughes,* for Petitioner and Appellant.

*Hunsaker, Britt & Goodrich,* and *Trippet & Neale,* for Contestants and Respondents.

PATERSON, J. — On May 29, 1889, the executrix filed an account of her administration of the estate from January 29, 1887, to February 1, 1889, which set forth, among other items of the same nature, a claim of $1,240.57 against the executrix by Cave J. Couts, for services, money paid out, etc., "the validity of which charges *against said estate*" she asked the court to determine on the settlement of the account. After due notice, a hearing was had, and the account was settled. With respect to the item referred to, the court found that it was a legal charge against the estate, and authorized the executrix to pay Couts out of any moneys that might thereafter come into her hands as executrix. On March 5, 1890, Couts filed a petition asking for an order requiring the executrix to sell so much of the real estate as should be necessary to pay his claim. An order to show cause was issued, and at the trial the petitioner introduced evidence tending to support every material allegation of his petition, but on motion of the devisees, a nonsuit was granted, and the proceeding dismissed. From this order petitioner has appealed.

It is admitted that the court, in its decree settling the account, made the order referred to, and that the executrix has not paid, and has not funds in her hands sufficient to pay, petitioner the amount allowed; but it is claimed that the nonsuit and dismissal were proper, because the order of the court allowing Couts $1,240.57 is void; that his claim, if any he had, was against the executrix, and until she pays it and presents it in her account as an expense of administration, the court cannot act upon it; that the claim is barred by the statute of limitations, but if the appellant has any remedy at all, it is by execution against the executrix, under section 1647 of the Code of Civil Procedure.

We think that the petition states facts sufficient, and that upon the evidence offered by petitioner the motion for nonsuit should have been denied.

Section 1536 of the Code of Civil Procedure provides that "when a sale of property of the estate is necessary to pay . . . . the debts outstanding against the decedent, *or the debts, expenses, or charges of administration,* the executor may also sell any real as well as personal property of the estate *for that purpose,* upon the order of the court"; and section 1545 provides that "if the executor or administrator neglects to apply for an order of sale when it is necessary, any person may make application therefor, in the same manner as the executor or administrator, . . . . and the decree of sale must fix the period of time within which the executor or administrator *must make the sale."* These provisions were intended to afford creditors of the executors, as well as creditors of the decedent, the means of securing payment of their claims against the estate, and necessarily contemplate expenses of administration which the executor neglects or refuses to pay.

There is nothing in the statutes which requires payment of claims against the executor for services rendered or materials furnished the estate during administration, before they can be allowed in the settlement of his account. It would be a misfortune if there were. Where the representative of the estate has a doubt as to the legality of the claim, or the amount that should be paid for services rendered or materials furnished in the course of administration, it is proper for his own protection, as well as for the protection of the heirs, that the court should determine, after notice to all persons interested, whether the estate is liable at all, and if so, in what amount. (*Dwinelle* v. *Henriquez,* 1 Cal. 392; *Gurnee* v. *Maloney,* 38 Cal. 88; 99 Am. Dec. 352.)

The order settling the account was appealable, and the allowance of the claim is conclusive against every

one interested, except those laboring under disability. (Code Civ. Proc., secs. 1637, 1638; *Deck's Estate*, 6 Cal. 669; *Estate of Stott*, 52 Cal. 406.)

The order appealed from is reversed, and the proceeding is remanded for a new trial.

HARRISON, J., and GAROUTTE, J., concurred.