[Sac. No. 1101.  Department One.—April 3, 1903.]

In the Matter of the Estate of GEORGE ROACH, Deceased.  MARGARET COPSEY, Appellant, v. WILLIAM C. BROWN, Administrator, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—LAW APPLICABLE.—In determining the validity of a sale of the real estate of a deceased testator, reference must be had to the law in force at the death of the testator, at which time his estate vested in his devisees.

ID.—ORIGINAL PROBATE ACT—SUFFICIENCY OF PETITION.—Under the original probate act, which was in force at the death of the testator, the liability for which a sale of realty may be ordered may be either a debt against the decedent, or an expense or charge of the administration.  The petition for such sale need not show any demand made therefor upon the administrator, but it is sufficient if it shows that there is no personal property, and otherwise brings the case within the terms of the statute authorizing the sale.

ID.—APPEAL—PRESUMPTIONS IN FAVOR OF ORDER.—When there is no bill of exceptions upon appeal from an order for the sale of the real estate of a deceased person, every intendment must be indulged in favor of the order.

ID.—DESCRIPTION OF PROPERTY—ORDER TO SHOW CAUSE—REFERENCE TO PETITION.—The Probate Act does not require the published order to show cause why a sale of real estate of the decedent should not be made to contain a description of the property; and it is sufficient that such order refers to the petition on file, which fully describes the property.

ID.—JURISDICTION OF NON-RESIDENTS—CONSTRUCTIVE NOTICE.—Where the petition and order to show cause are legally sufficient, the court acquires jurisdiction to order the sale as against all non-resident persons interested in the estate, by the constructive notice given by the required publication of the order to show cause, and the court was authorized to proceed with the order of sale immediately upon the completion of such publication.

ID.—ORDER OF SALE—PRESUMED CONCLUSIVENESS OF FINDINGS.—The order of sale need not set forth the items constituting the debts and expenses of administration; and where the court finds that outstanding debts and charges of administration existed, such findings are presumed conclusive upon appeal, where the evidence is not returned.

ID.—VALIDITY OF CLAIMS NOT ADJUDGED—SETTLEMENT OF ACCOUNTS.—The validity of claims against the estate is not necessarily finally

CXXXIX. Cal.—2

determined by the court in deciding whether an order of sale shall be made; and the general finding that debts and expenses of administration exist does not foreclose inquiry into the administrator's accounts on settlement thereof, when it will be the duty of the court to see that no excessive or improper charges are allowed.

APPEAL from an order of the Superior Court of San Joaquin County to sell the real estate of a deceased person. Edward I. Jones, Judge.

The facts are stated in the opinion.

John B. Hall, for Appellant.

Nicoll, Orr & Nutter, George F. McNoble, and H. R. McNoble, for Administrator, Respondent.

CHIPMAN, C.—Appeal by Margaret Copsey, formerly Margaret Roach, widow of deceased, from an order of sale of real estate in the above-entitled matter, on the judgment-roll. George Roach died testate August 1, 1872, and on September 7, 1872, his will was duly admitted to probate, and the widow was duly appointed executrix. By the terms of the will she had a life estate in the property of deceased (all being community property), and, at her death, after deducting the share she was entitled to take under the laws of the state, the remaining one half was to be divided equally among the brothers and sisters of deceased, all of whom resided in Ireland.

The property consisted of four hundred acres of farming land situated in San Joaquin County, and a lot in the city of Stockton, and some money, grain, farming utensils, and other personal property. The farming land was inventoried at $25 per acre ($10,000); the city lot $1,000; money $300; grain and hay on hand $2,443.20; live-stock $739; other personal property (farming implements and household goods), $1,295, —in all $15,477.20.

The executrix managed the estate until in September, 1901, when she rendered her first and final account and resigned her trust, and William C. Brown was duly appointed administrator with the will annexed. The account of the executrix was duly allowed, and showed that there was no remaining personal property, and it was decreed that the estate was

indebted to her in the sum of $379.24. On March 11, 1902, the administrator filed his petition for an order of sale of the whole or some part of the real property, which was granted May 23, 1902. It is from this order the appeal is taken. Appellant claims that the order of sale is void for want of jurisdiction of the court to make it. This alleged want of jurisdiction is predicated of insufficiency of facts set forth in the petition for sale, and in like and other defects in the order to show cause, and that the facts found failed to show any necessity for the sale. We must look to the statute in force at the death of the testator, at which time the estate vested in the devisees. (*Estate of Packer,* 125 Cal. 396.) It was held in that case that the court has no power to order the sale of real property after the title has vested in the heirs, ''except for the purposes provided by the law in force at the death of the ancestor.'' The law authorizing the sale, which was in force at the death of Roach, was section 155, and other sections of the Probate Act. (See 2 Hittell's Gen. Laws, sec. 5853.) Section 154 of that act provides when the personal property ''shall be insufficient to pay .. . . the debts that may be outstanding against the deceased, and the debts, expenses, and charges of administration, the executor or administrator may sell the real estate for that purpose,'' etc. It is not necessary to quote from section 155 the statement of facts required to appear in the petition for sale. The liability for which the sale may be ordered may be either a debt against the decedent or a debt, expense, or charge of the administration. It is not necessary to the right of the administrator to petition, or to the power of the court to order, a sale that there should first be a demand upon the administrator to sell. It is his duty to petition for sale whenever a necessity arises under the statute. The creditor or any one interested may make application if the administrator neglects to apply for the order, but we know of no statute that requires a demand to be made upon the administrator, as contended by appellant, before he can act. The petition shows that no personal property was in the hands of the administrator; it shows the amount of debts at the death of decedent and that they are all paid except the balance due the executrix; that nothing is due or to become due for family allowance; that the debts and expenses of administration already accrued amount to $2,129.25, and to accrue amount to $948; a description of real estate and its condition and value

and that it is community property; the names and ages of the devisees and heirs of deceased; that the land does not now produce an income in excess of the expense of its cultivation, and does not yield an income sufficient to pay any part of the said debts, expenses, etc.; that the land is worn out, and can only be made profitable by changing the form of tillage from grain-growing to fruit-growing, and that there is no personal property or money from which to pay the expense of changing the method of cultivation; that "all of the personal property of whatever nature or kind belonging to said estate, . . . received by said Margaret A. Copsey (now Margaret A. Roach), from the first day of August, 1872, and from the commencement of her administration to the date of the acceptance of her resignation as such executrix, and to the date of the allowance and settlement of her account as such executrix, had been fully and completely utilized and exhausted in the payment of debts outstanding against said decedent, and other payment of debts, expenses, and charges of administration during the period of her administration." These facts are by the court specifically or generally found to be true, and, so far as we can see by a comparison of the petition with section 155 of the Probate Act, the facts bring the case within the statute.

There is no bill of exceptions bringing up to the evidence, and every intendment must be indulged in support of the order.

It is claimed as fatal to the sale that the order to show cause why the sale should not be made did not specifically describe the property. Reference is made in the order to the petition on file, in which the description did fully appear. Section 156 of the Probate Act does not require a description of the real estate to be given in the order, nor does section 1538 of the Code of Civil Procedure, of like import, make any such requirement, nor does section 1712 of the Code of Civil Procedure require such or any description of the property. The provision there is, that when a description has been published in a newspaper, "as required in the order to show cause," etc., "such description need not be published in any subsequent notice of sale," etc. Aside from the fact that no provision of the statute requires the order to show cause to describe the property, we can see no necessity for its containing a description which is given in the petition and fully

apprises all interested parties at that stage of the proceedings of the land proposed to be sold.

The position of appellant that thirty days should have elapsed after the completed publication of the order to show cause, before the court had jurisdiction of the persons interested in the estate is not tenable, even though some of such persons resided in Ireland. The statute provides that "a copy of the order to show cause shall be personally served . . . or shall be published at least four successive weeks in some newspaper, as the court or judge shall order," and the order was duly published. (Probate Act, sec. 157; Code Civ. Proc., sec. 1538.) The court could proceed at once on completion of the publication of the order, at the time named in the order. There is no analogy between this method of obtaining jurisdiction of the person in probate proceedings and by the publication of summons in ordinary civil actions. The constructive notice given by the publication was sufficient. (*Estate of Leonis,* 71 Pac. 171.) So far as we can discover, the petition and the order to show cause were sufficient in their allegations of facts.

The description and condition of the property quite fully appear, and the necessity for the sale sufficiently appeared when it was shown that there were debts or expenses of administration, and no money or personal property or incomes from which to meet these liabilities. (*Estate of Couts,* 87 Cal. 480.) The items set forth as constituting the debts and expenses of administration, accrued and to accrue, are not particularized in the order, nor was it necessary that they should be. The court found that outstanding debts existed and that there were charges of administration, accrued and to accrue, and we must presume the evidence sustained the findings and order. If appellant had desired to challenge the findings of fact she should have brought up the evidence. The validity of claims against the estate is not necessarily finally determined by the court in deciding whether an order of sale shall be made. In *Abila* v. *Barnett,* 33 Cal. 658, at page 666, the court said: "The action of the court in ordering a sale of the real estate does not imply a finding as to the amount of debts due or to become due, nor does it affect the accounts of the administrator or executor, past or prospective. . . . The finding that the estate was indebted to the executor in a certain sum on account of expenses incurred in the course of administration

must be understood merely as a definite mode of finding the legal necessity of a sale and as having no further effect.'' Of course, it must appear that there exist debts or charges of administration, but the general finding that such do exist does not foreclose inquiry into the administrator's accounts. Here, however, we must sustain the general finding, in the absence of the evidence, under the rule of presumptions. And hence we cannot go into the question as to whether any one particular item of debt or expense of administration was shown to have erroneously entered into the order. It will be the duty of the court on the settlement of the administrator's accounts to see that no excessive charges are made for attorney's fees or other expenses.

There is an allegation in the petition that a sale of less than the whole would cause a loss of seventeen dollars and fifty cents per acre, and it was asked that the whole be sold. But the court, after hearing the evidence, reached a different conclusion, and ordered that only a particular parcel belonging to the estate (describing it) be sold—''the smallest and least valuable parcel that can be sold to produce a sum adequate to the necessities of the administration thereof,'' and ''that the sale of less than the whole of such hereinafter described parcel [the parcel ordered sold] would not be for the benefit or advantage of said estate.'' Such determination of the court on the evidence, we must presume, was justified.

We are unable to discover error in the proceedings, and therefore advise that the order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Shaw, J., Van Dyke, J., Angellotti, J.