[Civ. No. 7116.  Second Appellate District, Division Two.—May 23, 1932.]

C. A. WEAVER, Appellant, v. D. A. BEARDSLEE, Respondent.

L. G. Shelton for Appellant.

No appearance for Respondent.

CRAIG, Acting P. J.—The defendant assigned to the appellant a portion of his interest in the estate of Isabella Beardslee, deceased, and delivered said assignments to the respondent as executor, directing that the moneys be paid "out of the first moneys payable to me out of said estate as an heir thereto". The assignments were thereafter indorsed, "1–28–25. I accept the above order. D. A. Beardslee, Administrator of the Estate of Isabella Beardslee, Deceased." On distribution of said estate the assignor received real and personal property only. An action was instituted by the appellant against said executor and the original debtor, which resulted in judgment being rendered in favor of the defendant D. A. Beardslee, from which this appeal is presented.

The sole question for determination is, "whether an administrator who has accepted an order on him to pay out of the interest of a distributee certain indebtedness of said distributee is personally liable to said assignee upon his failure to comply with the assignment and order which he has accepted".

Section 1545 of the Code of Civil Procedure as it then read (Prob. Code, sec. 758), provided as follows: "If the executor or administrator neglects or refuses to sell the property of the estate when it is necessary or when it is for the advantage, benefit and best interests of the estate and those interested therein, that the real estate or some portion thereof be sold, any person interested may make application to the court, that the executor or administrator be required to sell, and notice of such application must be given to the executor or administrator before the hearing."

Since the executor was not required to convert into money the assets of the estate, the order upon which the action arose was ineffectual, and cannot be held to have warranted a judgment in favor of the appellant. (*Haynes* v. *Meeks,* 20 Cal. 288; *Cout's Estate,* 87 Cal. 480 [25 Pac. 685]; *Roach's Estate,* 139 Cal. 17 [72 Pac. 393].)

The judgment is affirmed.

Thompson (Ira F.), J., and Fricke, J., *pro tem.,* concurred.