RAY MINTER v. STATE.

No. A-10130.   Sept. 16, 1942.

(129 P. 2d 210.)

134

Arney & Barker, of Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and G. C. Loving, Co. Atty., and Norris Mitchell, Asst. Co. Atty., both of Clinton, for defendant in error.

JONES, J. The defendant, Ray Minter, was charged in the district court of Custer county with the alleged offense of "attempted murder," was tried, convicted and sentenced to serve twelve years in the State Penitentiary and has appealed.

There are many assignments of error set forth in the brief of the defendant filed herein. It is not necessary to separately discuss each of these alleged errors, as most of them are directed to the proposition that the county attorney erroneously charged the defendant with attempted murder under the general attempt statute (section 1822, O. S. 1931, 21 O. S. 1941 § 42), when he should have charged the defendant under the provisions of section 2439, O. S. 1931, 21 O. S. 1941 § 832.

The information, omitting formal parts, reads:

"That on or about February 12, 1941, in the County of Custer, Ray Minter, then and there being, did then and there, wilfully, wrongfully, unlawfully, intentionally, maliciously, and feloniously and with premeditated design to effect the death of one, Myrtle Minter, a person then and there being, did deposit in and upon certain food which the said Myrtle Minter, had prepared for her lunch and which she intended to eat, a quantity of certain deadly poison known as 'Rat poison' which poison contained among other things phosphorus, which he the said Ray Minter then and there knew to be a deadly poison and he the said Ray Minter then and there knowing that the said Myrtle Minter had prepared and intended to eat said food, with the intent on the part of him the said Ray Minter that she eat the said food containing said poison, and thereby produce the death of the said Myrtle Minter; but that said Ray Minter was prevented in the perpetration thereof and was intercepted therein by the discovery of the said poison before it was actually administered to the said Myrtle Minter; that by the said acts by the said defendant in placing said poison in and upon said food he wrongfully, unlawfully, wilfully, feloniously and maliciously intended to kill and murder the said Myrtle Minter, contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the State."

Upon arraignment of the defendant in the district court he properly questioned the validity of the informa-

tion by a demurrer and later by a motion to dismiss the information for the reason that the defendant had been charged under the wrong statute.

The information was purportedly drawn under the provisions of section 1822, O. S. 1931, 21 O. S. 1941 § 42, supra, which provides, in part, as follows:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt as follows:

"1. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted."

Defendant contends he should have been charged under section 2439, O. S. 1931, 21 O. S. 1941 § 832, which provides:

"Every person who willfully mingles any poison with any food, drink or medicine, with intent that the same shall be taken by any human being to his injury, and every person who willfully poisons any spring, well or reservoir of water, is punishable by imprisonment in the penitentiary not exceeding ten years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

The proof of the state in support of their information shows that the defendant and his wife, Myrtle Minter, were separated at the time of the commission of the alleged offense herein. Myrtle Minter was employed at a laundry in Clinton, while the accused was living on a farm north of Gotebo. That on February 12, 1941,

about 9:00 a. m., the defendant came to the automobile belonging to his wife and in which she had left some sandwiches for her lunch. The defendant was seen at that time and place to take out the lunch of his wife, place something in it and return it to the automobile, after which he left the premises. The party who saw the defendant tampering with his wife's lunch notified Myrtle Minter, who, in turn, notified the police officers, who made an examination of the sandwiches and found a powdery substance appearing on them.

A chemical analysis showed that the food was poisoned with a powdery substance which largely consisted of phosphorus. The defendant was arrested that same day and in the glove compartment of his automobile was found a tube of rat poison containing a large amount of phosphorus and similar to the substance found on the lunch of Myrtle Minter.

The defendant did not testify, but evidence was introduced tending to show that he was at another place at the time of the commission of the alleged crime, and also some evidence was introduced in an effort to show the insanity of the accused at the time of the commission of the alleged offense.

No effort has been made to give a detailed statement of the evidence, but the above abbreviated summary is sufficient to show the nature of the testimony relied upon by the state for a conviction, and is sufficient for the purpose of ascertaining whether the county attorney erroneously charged the defendant.

We have been unable to find any case in Oklahoma where the crime charged against the defendant is that of "attempted murder" under section 1822, O. S. 1931, supra. There have been many other attempted crimes charged under this statute, but no attempted murder

charge. This is probably true because we have other specific statutes dealing with "Attempts to Kill." See Title 21, chapter 21, O. S. 1941. Under said chapter we find the offense of attempt to kill by administering poison (§ 651); the offense of assault and battery with intent to kill with a deadly weapon (§ 652); and a third statute punishing all other offenses of assault with intent to kill (§ 653). The defendant could not be properly charged under section 651, supra, for the reason that the poisoned food was not actually taken by any person.

Section 1773, O. S. 1931, 21 O. S. 1941 § 11, provides:

"If there be in any other chapter of the laws of this State a provision making any specific act criminal and providing the punishment therefor, and there be in this Penal Code any provision or section making the same act a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this Penal Code."

This statute supports the contention of defendant that it was the intention of the Legislature, where specific acts are named as criminal in a statute, that an accused should be prosecuted under the terms of the special statute, even though the county attorney might, by some stretch of the imagination, conclude that the acts which were committed might possibly be covered by a general statute.

In addition to this statutory provision, the latter part of section 1822, O. S. 1931, supra, under which this action is brought, provides: "* * * where no provision is made by law for the punishment of such attempt, * * *."

There was a statute specifically providing for the punishment to be inflicted for acts such as were alleged to have been committed by defendant, and under the plain

terms of the provision here quoted the charge should have been filed under the specific statute and not under the terms of section 1822, O. S. 1931, supra.

We are not unmindful of the rule that where the same acts are made criminal by two or more specific sections of the Code the county attorney may elect under which statute he will prosecute. Waldrep v. State, 74 Okla. Cr. 428, 127 P. 2d 860; Landrum v. Statae, 60 Okla. Cr. 259, 63 P. 2d 994. The general attempt statute, by its own terms, applies only where there is no other provision of law for the punishment of such attempt. In the instant case we have one statute only dealing particularly with such acts as are alleged to have been committed by defendant It appears doubtful if the Legislature ever contemplated that such an offense as "attempt to murder" should ever be filed under section 1822, O. S. 1931, supra, because of the indefiniteness of the punishment which may be assessed. That is why the many other statutes were passed directed at various acts which might constitute "attempts to kill." However, it is not necessary for us to determine this question herein, because under the wording of section 1822, O. S. 1931, supra, it only applies where no provision is made by law for punishment of such attempt.

Section 2439, O. S. 1931, supra, specifically applies to a person who mingles poison with food with intent that the same shall be taken by any human being to his injury. It is contended by the state that by reason of the use of the term "injury" in said statute that it does not include such an offense as was committed by the defendant for the reason that it is clearly shown that he had an intent to kill his wife. We think, however, that the word "injury," as used in the statute, is broad enough to include in its scope the word "kill," and that the

county attorney should have filed his information against accused under this statute.

We cannot understand why the county attorney would seek to prosecute under the "attempt" statute where he has a statute clearly dealing with acts such as are alleged to have been committed by defendant. The county attorney was evidently motivated by his desire to have inflicted on the defendant a greater punishment than could be assessed under the terms of section 2439, O. S. 1931, supra, and would rather take a chance on having his case reversed than to proceed under a statute which clearly applies to such acts as were committed. If he had charged the defendant under the proper statute, there would have been no confusion as to what instruction the court should have given in regard to the punishment which might be assessed the defendant. In the instant case the court instructed the jury that they should, if they found the defendant guilty, assess the punishment at any term in the penitentiary not exceeding 15 years. Clearly, there was no statutory authority for such an instruction. Under section 1822, O. S. 1931, supra, the maximum punishment which could be assessed by the jury would be one-half the longest term of imprisonment prescribed upon a conviction for the offense attempted, which, in this case, if the theory of the county attorney is correct, would be one-half of life imprisonment. The court may not, where the punishment for the offense, if completed, is life imprisonment, fix any definite period of time in his instructions limiting the maximum punishment which may be assessed. There are other assignments of error, particularly with reference to other instructions which were given, which have considerable merit, but such questions will not arise if the defendant is correctly charged under the proper statute in a new proceeding.

For the reasons above given, it is ordered that the judgment of the district court of Custer county be, and the same is hereby, reversed, with instructions to dismiss the charge of "attempted murder" filed against the defendant.

It appearing to this court that the defendant is now incarcerated in the State Reformatory at Granite, where he stands committed by reason of the judgment and sentence pronounced against him herein; it is therefore ordered that the warden of the State Reformatory be, and he is hereby, directed to deliver to the sheriff of Custer county at the State Reformatory the said defendant, Ray Minter, and the sheriff of Custer county is directed to keep the said Ray Minter in his custody pending the filing of a charge of willfully poisoning food under the terms of section 2439, O. S. 1931, 21 O. S. 1941 § 832, or until he is discharged by the making of bail, or otherwise, as provided by law.

BAREFOOT, P. J., and DOYLE, J., concur.