# Ex parte SMITH.

No. A-11671. June 25, 1952.

(246 P. 2d 389.)

George Smith, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Ass't Gen., for respondent.

BRETT, P. J.    This is an original action in habeas corpus brought by George Smith, petitioner, pro se, an inmate in the penitentiary of the State of Oklahoma.   In said petition he alleges that he is being unlawfully restrained of his liberty by Warden Jerome J. Waters, in said penitentiary.   He further alleges that the cause of said restraint is a certain judgment and sentence rendered against him on or about April 2, 1946, in the district court of Kay county, Oklahoma, wherein he was charged with the alleged crime of attempted murder, to which alleged charge the petitioner entered a plea of guilty.   We caused to be procured a copy of the information.   The pertinent portions of the charging part of said information read as follows, to-wit:

"* * * one George Bullie Smith did then and there unlawfully, wrongfully, wilfully, feloniously attempt to commit the crime of murder in the following

manner, to-wit: * * * with a premeditated design to take the life of one Clair Coate, shoot the said Clair Coate with a certain 32 caliber pistol, * * * then and there inflicting upon the body of him, * * * certain abdominal wounds, thereby intending to unlawfully, * * * effect the death of the said Clair Coate, and in such an attempt to murder the said Clair Coate, the said defendant did then and there do all of said acts toward the commission of said crime of murder, but the commission of said crime failed, as was not intended by said defendant, * * *."

He complains that in said case he was sentenced to the penitentiary for a term of 50 years. The petitioner further alleges that said charge as alleged in the information falls under the provisions of Chapter 15, Article 18, § 1873, O.S. 1931, which is the same as Title 21, § 652, O. S. 1941, defining shooting with intent to kill, assault and battery with a deadly weapon, which section reads as follows, to-wit:

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process is punishable by imprisonment in the penitentiary not exceeding ten years."

Here, it is pertinent to observe that it is obvious that the factual allegations of the information herein come within the provisions of the foregoing statute, notwithstanding the descriptive label of Attempted Murder.

Briefly, the effect of the petition is that the foregoing Title 21, § 652, O. S. 1941, is one of the specific statutes covering attempts to kill by shooting, and such being the case, his crime was covered by the specific provisions thereof, and therefore he has been sentenced to an excess of 40 years in the penitentiary. On this predicate he relies for relief on the rule in Ex parte Custer, 88 Okla. Cr. 154, 200 P. 2d 781, 782, among other things, holding as follows:

"A prisoner confined in the penitentiary on a judgment void for excessive punishment is entitled to relief by habeas corpus, looking to the pronouncement of a valid judgment and sentence, because of the effect which the illegal part of the sentence has on his right to be considered for parole with, or without petition therefor, after he has served one-third of the total term for which he could under the law be validly sentenced."

To this petition the Attorney General responded by demurrer alleging that the facts stated in the petition constituted no ground for relief by habeas corpus. In support thereof the Attorney General relies on Ex parte Collins, 79 Okla. Cr. 193, 153 P. 2d 243, a rape case. The effect of the demurrer in light of the Collins case is that the charge of attempted murder was brought against the petitioner by the county attorney of Kay county under the provisions of Title 21, § 42, O. S. 1941, the pertinent part of which reads as follows, to-wit:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:

"If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted. * * *"

It is well to observe that the provisions of Title 21, § 42, O. S. 1941, is a general statute designed to cover attempts to commit crimes where there has

been no specific enactment of the Legislature to cover said attempted crimes. As indicated, the application in the Collins case is to the crime of attempted rape. Our statutes contain no specific statute covering the crime of attempted rape. Such charges as assault with intent to rape are brought under Title 21, § 681, O. S. 1941, a general statute defining Assault with Intent to Commit Felony. Therefore, Section 42 of Title 21, O. S. 1941, or Title 21, § 681, O. S. 1941, are clearly applicable in rape cases. To the contrary, attempts to kill by shooting are specifically provided for by statute, and, we are of the opinion that the Attorney General's contention is untenable, and the case relied on is not in point with the situation herein involved. Moreover, where the charging part of an information brings a crime within the provisions of a specific statute, the descriptive label given to such charge by the prosecutor will not bring the crime within the provisions of a general statute prescribing a greater penalty. The charging part of the information must be looked to to determine the character of the offense. Ex parte Conway, 84 Okla. Cr. 118, 179 P. 2d 699; Bruning v. State, 63 Okla. Cr. 1, 72 P. 393. The charging part of the information herein clearly relates to shooting with an intent to kill, under the provisions of Title 21, § 652, O. S. 1941. The foregoing conclusion finds reinforcement in the language of the general statute, § 42, Title 21, O. S. 1941, reading in part as follows, "where no provision is made by law for the punishment of such attempt," such general statute would apply. Minter v. State, 75 Okla. Cr. 133, 129 P. 2d 210. In light of what we have hereinbefore said no question of election is involved, since the crime was covered by a specific statute, Title 21, §652, O. S. 1941. We believe this conclusion is inescapable. To hold otherwise would negate the plain unmistakable language of the statutes. This we will not do. In the case at bar we have not only one but two specific provisions of statute covering the offenses of attempts to kill, of the character herein involved (shooting), Title 21, § 652, O. S. 1941, supra, and Title 21, § 653, O. S. 1941, punishing all other offenses of assaults with intent to kill not covered by § 652, Title 21 O. S. 1941. As hereinbefore indicated, in the absence of specific statutes on attempts, covering the crime with which the defendant was charged, the general statute on attempts would apply. But where, as herein, a specific provision, Title 21, § 652, O. S. 1941, has been enacted to cover the crime and an excessive sentence has been imposed under another more severe general statute, such judgment and sentence pronounced would be excessive and void.

The jurisdiction of the court to render a particular judgment and sentence by which a person is imprisoned is a proper subject of inquiry on habeas corpus. Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759. The writ of habeas corpus, herein prayed for, will therefore be granted, under the authority of Ex parte Custer, supra. This holding in the Custer case is to the effect that, in a case where the proceedings in passing sentence and rendering judgment are void, only the judgment and sentence is affected, which leaves the proceedings up to that point in full force and effect. Ex parte Lyde, 17 Okla. Cr. 618, 191 P. 606, and Ex parte Custer, supra.

In keeping with the foregoing statutes and authorities, it is therefore ordered, that the petition for habeas corpus be and the same is hereby granted, affecting only the judgment and sentence and commitment which are directed to be vacated and set aside, leaving petitioner's plea of guilty and all proceedings up to the pronouncement of judgment and sentence in full force and effect. And, it is further ordered that the petitioner be remanded to the custody of the sheriff of Kay county, Oklahoma, pending rendition of judgment and sentence in accordance with the provisions of Title 21, § 652, O. S. 1941, all of which the district court of Kay county is hereby ordered and directed so to do.

JONES and POWELL, JJ., concur.