**Thomas D. MAYFIELD, Appellant,**

v.

**H. C. McLEOD, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 5953.**

United States Court of Appeals
Tenth Circuit.

Dec. 2, 1958.

No appearance for appellant (Thomas D. Mayfield presented a brief pro se).

No appearance or brief for appellee.

Before BRATTON, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The appellant, Thomas D. Mayfield, an inmate of the Oklahoma State Penitentiary, brought this habeas corpus proceeding seeking his release on the ground that his conviction was unlawful because he had been deprived of Federal Constitutional rights. The record discloses that on two different occasions the petitioner unsuccessfully sought similar relief in the Oklahoma Criminal Court of Appeals. See Ex parte Mayfield, Okl.Cr., 322 P.2d 1073. The petitioner did not thereafter seek review in the Supreme Court of the United States.

It has been held repeatedly that petitions for habeas corpus by prisoners convicted in State Courts will not be entertained by Federal Courts until review has been sought by the highest State Court and by the Supreme Court of the United States, 28 U.S.C.A. § 2254; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, affirming 10 Cir., 172 F.2d 668; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

The trial court, however, heard the petitioner's testimony and denied relief upon concluding that such testimony did not sustain the allegations of the petition. We agree with that conclusion.

The principal complaint of the petitioner was that he had been charged with the offense of assault with intent to commit rape, and that no such crime was defined by the laws of the State of Oklahoma. 21 Okl.Stat.Ann. § 681 provides that every person who is guilty of an assault with intent to commit any felony may be punished by imprisonment in the State penitentiary. This section, and the section providing punishment for attempts to commit crimes, 21 Okl.Stat. Ann. § 42, have both been held to be applicable in cases of attempted rape. Ex parte Smith, 95 Okl.Cr. 370, 246 P.2d 389; Hamrick v. State, 85 Okl.Cr. 50, 184 P.2d 807; Collins v. State, 59 Okl. Cr. 18, 55 P.2d 790.

The evidence does not sustain petitioner's contention that he had not been fully advised of his legal rights prior to entering a plea of guilty without counsel, or that he had been mistreated upon arrest in any manner which would affect his conviction. See Ex parte Mayfield, supra.

Affirmed.