**In the Matter of the Application of Richard Darrell HALVERSON for Writ of Habeas Corpus.**

**No. A–12746.**

Court of Criminal Appeals of Oklahoma.

May 6, 1959.

Sid White, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Harvey H. Cody, Jr., County Atty., Pottawatomie County, Shawnee, for respondent.

NIX, Judge.

This is an original petition in habeas corpus brought by Richard Darrell Halverson. In his petition he alleges he is being unlawfully restrained of his liberty by the acting warden of the state penitentiary, Honorable R. R. Raines. The cause of this unlawful restraint is by reason of a certain judgment and sentence imposed against petitioner in the District Court of Pottawatomie County, Oklahoma, on August 14, 1957, wherein he was sentenced to ten years for first degree burglary.

The facts as alleged in the petition show the offense to have been one wherein petitioner attempted to rescue one Alice Weatherford from the custody of the State of Oklahoma in Girls' Town, a state training school for girls wherein she was a prisoner.

The case falls within the provisions of 21 O.S.1951 § 521, reading as follows:

"Every person who by force or fraud rescues or attempts to rescue, or aids another person in rescuing or in attempting to rescue any prisoner from any officer or other person having him in lawful custody, is punishable as follows:

"1. If such prisoner was in custody upon a charge or conviction of felony, by imprisonment in the State penitentiary for not less than ten years.

"2. If such prisoner was in custody otherwise than upon a charge or conviction of felony, by imprisonment in a county jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment."

It appears that Alice Weatherford was not in custody upon charge or conviction of a felony.

 The crime did not come within the provisions of 21 O.S.1951 §§ 1431 and 1439.

It therefore appears the trial court employed an excess of jurisdiction in imposing the sentence herein inflicted. The maximum under 21 O.S.1951 § 521 is one year in jail and a fine of $500.

No doubt the information was wholly insufficient to charge defendant with a felony but the charging part of the information clearly sets forth an offense under 21 O.S.1951 § 521 and the label affixed to the information did not alter the situation. This court said in Ex parte Smith, 95 Okl.Cr. 370, 246 P.2d 389, 390:

"Where the charging part of an information brings a crime within the provisions of specific statute, descriptive label given to such charge by prosecutor will not bring crime within provision of general statutes prescribing a greater penalty, but the charging part of the information must be ·

looked to in order to determine the character of the offense."

It was further stated in said case that:

"The jurisdiction of the court to render a particular judgment and sentence by which a person is imprisoned is a proper subject of inquiry on habeas corpus."

It further appears the petitioner has served approximately twenty months of said excessive sentence and is entitled under the law to be released. The writ of habeas corpus is accordingly granted and the warden is directed to set the petitioner, Richard Darrell Halverson, at liberty.

POWELL, P. J., and BRETT, J., concur.