Floyd MENIFEE, #72071, Petitioner,

v.

Ray PAGE, Warden, Oklahoma State Penitentiary, and the District Court of Coal County, State of Oklahoma, Respondents.

No. A–13820.

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1967.

Floyd Menifee, #72071, pro se.

## MEMORANDUM OPINION

NIX, Presiding Judge.

This is an Original Proceeding, filed by one Floyd Menifee, in habeas corpus, whereby he seeks his release from the Oklahoma State Penitentiary. He contends that his Constitutional rights were denied him and that the trial judge exceeded his jurisdiction in assessing a sentence in excess of the punishment provided by statute. This Court ordered the District Court of Coal County to conduct an evidentiary hearing as to whether petitioner was denied any Constitutional rights in connection with his appeal. That was done and a review of the transcript by this Court does not reveal any denial of petitioners Constitutional rights, therefore, the only subject of discussion will be petitioners second contention, to-wit: "That the trial judge exceeded his jurisdiction in passing sentence".

It is reflected by the record that defendant was charged by information in two separate cases. The charging part of each information reads as follows:

"—did wilfully, unlawfully, and feloniously assault one Shirley Adell Houchen,. a female person of the age of fourteen (14) years, and not the wife of the said defendant, by taking hold of said female with his hands, displacing her clothing, putting his hands on the private parts of her body and struggling and contending with her, and threatening to use physical force and violence by striking her with a rock then and there held in his hand,. with the unlawful and felonious intent upon the part of said defendant to then and there rape, ravish, carnally know and have sexual intercourse with said female,—."

The forepart of said information described the crime committed as "Assault with Intent to Rape, First Degree".

Petitioner argues that the wording of said information brings the accusation under Title 21, O.S.A. § 681, which reads as follows:

"Every person who is guilty of an assault with intent to commit any felony, except an assault with intent to kill, the punishment for which assault is not otherwise prescribed in this code, is punishable by imprisonment in the State penitentiary not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Petitioner entered a plea of guilty to said informations and was sentenced to two Fifteen (15) year sentences to run concurrently. It was the contention of the state that the information in both cases comes

under Title 21, O.S.A. § 42, which reads as follows:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpretration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:

1. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted.

* * *"

A glimpse of the record, and upon first impression, your writer was inclined to think petitioner was prejudiced by the sentence and that the trial court had exceeded its jurisdiction. But, a thorough review of the proceeding reveals that petitioner was represented by an able attorney appointed by the court; and thoroughly apprised petitioner as to what he might expect upon a plea of guilty. A transcript of the proceedings surrounding the arraignment is before us, and shows the following took place:

#### "TRANSCRIPT

On this 11th day of March, 1965, this cause came on for the purpose of arraignment. The Honorable Lavern Fishel, District Judge, presiding.

The Honorable Dennis H. Petty, Acting County Attorney, appeared in behalf of the State of Oklahoma. The Defendant appeared in person and with his Court Appointed Counsel, Mr. James L. Clark, Attorney at Law, Coalgate, Oklahoma.

WHEREUPON, Case No. 2591, State of Oklahoma vs. Floyd Menifee, and Case No. 2592, State of Oklahoma vs. Floyd Menifee, is called for arraignment. The Defendant, Floyd Menifee, and His Court appointed Counsel, Mr. James L. Clark, Appear before the Court.

Information is read by the Court in cause No. 2591.

Information is read by the Court in cause No. 2592.

BY THE COURT: Mr. Menifee, since the charges in both cases, in which the Information has just been read to you, are the same, what I have to say to you as far as your constitutional rights are concerned, will apply in both cases.

First you are advised by the Court that you have a right to enter a plea of Not Guilty. You have a right to have a trial by a jury. If you enter a plea of Not Guilty, it becomes the duty of the Court to determine an appearance bond in an amount sufficient to guarantee your appearance at the next regular jury term of Court when ordered by the Court. You have the further right, in cases such as this, to have an additional twenty-four hours within which to determine the nature of your plea. This is a safeguard afforded by the Constitution of the State of Oklahoma, and the Statutory Law, in that a defendant may meditate upon the consequences of his plea, after being advised of his constitutional rights.

You may enter a plea of Guilty if you desire. In the event you enter a plea of guilty, you waive your right to a jury trial and it then becomes the duty of the Court to assess your punishment in keeping with that which is provided by the Statutes of the State of Oklahoma for the commission of an offense of this nature. The Statutes of the State of Oklahoma provide for Assault with Intent to Rape First Degree, not less than four years or not to exceed half of the maximum sentence which you could receive under a charge such as this attempted. The maximum penalty you could receive in being charged with First Degree Rape in the State of Oklahoma is a life sentence, so in this instance, Assault with Intent to Commit Rape First Degree, you could receive half of a life sentence,

a maximum of which the Courts have determined to be thirty-seven and a half years, so your penalty would be not less than four years, on conviction, nor more than thirty-seven and a half years.

Do you desire to enter a plea at this time?

BY MR. CLARK: Your Honor, may I consult with my client for about five minutes in your office please?

BY THE COURT: Yes sir, you may.

(Defendant and his attorney go into Courts Office for consultation, then return into Open Court.)

BY MR. CLARK: Your Honor, Mr. Menifee is charged with Assault with Intent to Commit Rape in both of these cases. Under Title 21–681, it says, "every person who is guilty of an assault with intent to commit any felony, except an assault with intent to kill, the punishment for which assault is not otherwise prescribed in this code, is punishable by imprisonment in the State Penitentiary not exceeding five years, or in a County Jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment"—I just now looked it up.

BY THE COURT: Yes, but thats not the Statute involved here. Title 21–42 is, and I have checked the cases this morning.

BY MR. CLARK: He is not charged with attempted rape—its assault with attempt to rape, so coming under this other crime, I would ask the Court to instruct the defendant that his maximum penalty is five years.

BY THE COURT: Do you have anything to say Mr. Petty?

BY MR. PETTY: Nothing Your Honor except that before filing this I checked the Statutes, and the Statute Mr. Clark just read there is an exception, theres an exception in it. I elected filing under this statute Your Honor has just read and I am willing to stand on the information, as filed.

BY MR. CLARK: Do you say he is charged with Assault with Intent to Rape?

BY MR. PETTY: Mr. Clark, it is as charged in the Information before you.

MR. CLARK: Then that general attempt Statute would come under attempted rape, but where charged with assault with intent to rape, I feel he comes under that other Statute Your Honor.

BY MR. PETTY: In addition, there is the wording "first degree"; I'm satisfied with it as is Your Honor.

THE COURT: Mr. Clark, you may make your objection if you desire; I have checked three cases this morning and they were all charged with Assault with Intent to Rape, First Degree, and the latest one I believe I checked was in 1957, and it provided that under Title 21–42, it was an appropriate penalty, and upheld a penalty of thirty-seven years, given by the Court where a jury was waived.

BY MR. CLARK: But this is not an attempted crime Your Honor, this is an assault on this woman.

BY THE COURT: I don't follow your reasoning, the Court has instructed him in keeping with what the Court feels the law to be in this case, you may have an objection if you desire.

BY MR. CLARK: I would like an exception to the general instructions of the Court.

THE COURT: You may have one; do you desire at this time to enter a plea?

BY MR. CLARK: Not Guilty.

BY THE COURT: Is that your plea Mr. Menifee?

DEFENDANT: Yes sir.

BY THE COURT: Let the record show in Cause No. 2591, the Defendant appeared in person and with his Court Appointed counsel, and after the reading of the Information by the Court, the Defendant was advised by the Court of his Constitutional Rights, whereupon he enters a plea of Not Guilty. Appearance

Bond set in the sum of Five-Thousand Dollars ($5000.00), said bond to be approved by the Clerk of this Court. Defendant remanded to the custody of the Sheriff until such time as said bond has been executed and approved by the Clerk of this Court. Let the record show the same Minute in Cause No. 2592."

*   *   *   *   *   *

Then the record reflects petitioner appeared before the trial judge sixty days later, with his attorney, and entered a plea of Guilty on both cases.

Upon the recommendation of the County Attorney, petitioner received Fifteen (15) years in each case to run concurrently. No objections were made to the judgment and sentence. No plea in arrest of judgment. Petitioner did not ask to withdraw his plea of guilty, nor did he question the jurisdiction of the court to pronounce said judgment and sentence.

During the Evidentiary Hearing ordered by this Court, Mr. Clark, petitioner's court-appointed attorney, testified as to what took place between arraignment and the plea of guilty:

"James L. Clark (continues): I conferred with Mr. Menifee every day or so all the time he was in jail—he would call me on the telephone and I discussed his case with him and I advised him that in view of the evidence given at the Preliminary Hearing that I felt like the State had a very strong case and that as his defense attorney I needed to talk with him as to how to defend his case. He asked me what I would advise and I told him that I would talk with the County Attorney and see what I could learn from him as to what he would recommend on a plea of guilty. I did talk with Mr. Petty, the acting County Attorney at that time, concerning the matter and he advised me that he was not sure just what he would recommend to the Court on a plea of guilty, but that he would consider it, think about it and let me know. Later he advised me that he would recommend to the Court two fifteen year sentences to run

concurrently. I told Mr. Menifee this, what the County Attorney would recommend and at that time he would not plead guilty under the circumstances—I told Mr. Menifee that was his privilege and that I would defend him to the best of my ability at a jury trial.

BY THE COURT: Could I interrupt you here please—You did tell Mr. Menifee, as his Court Appointed Counsel—that the County Attorney would recommend fifteen year sentences in each of these cases, to run concurrently, provided the Defendant did enter a plea of guilty?

BY MR. CLARK: Yes sir—that if he desired to change his plea to guilty that the County Attorney would recommend these sentences—now this was sometime before the appearance of Mr. Menifee before the Court when he did eventially change his plea to guilty. On the day that Mr. Menifee did ask the Court to withdraw his plea of Not Guilty and enter a plea of guilty—I do not remember the exact date of it—but Mr. Menifee had Mr. Farley, the then Sheriff, get in touch with me and asked me to come to the Court House to talk to Mr. Menifee. I met Mr. Menifee in the hall, just outside the Court Room, in the presence of Mr. Farley, Ed Farley, the then Sheriff, and explained to Mr. Menifee again that the County Attorney had advised me that if he desired to plead guilty that his recommendation to the Court would be a fifteen year sentence on each charge, to run concurrently. Mr. Menifee asked me if I was sure the Judge would give him two fifteen year sentences to run concurrently. I told him that I had no control over the Courts actions on such matters but that I had practiced law before Judge Fishel many years and in every instance where a man charged with a crime enters a plea of guilty, he has followed the recommendation of the County Attorney. This was said in the presence of Mr. Ed Farley, and I'm not sure, but I think maybe Mr. Petty might also have been

present at the time, although I'm not for sure about that now—the reason I think Mr. Petty was present was that at sometime in my presence he explained to Mr. Menifee the fifteen year sentences to run concurrently, how they would be served, and I believe it was at this time that he made this explanation to Mr. Menifee. Mr. Menifee said that he would enter a plea under the circumstances, of guilty; we then came on into the Court Room and when the Court called the cases, I asked the Court to allow my client to withdraw his plea of Not Guilty in order that he might enter a plea of guilty. At this time the Judge again advised Mr. Menifee of his constitutional rights and under what Statute the Court felt that the charge was based, and he also explained the limits of the sentence under the Statute that he was entering his plea of guilty to—then Mr. Menifee entered his plea of guilty after the Court gave him permission to withdraw his Not Guilty Plea. The Judge then asked the County Attorney for any recommendation he might have and the County Attorney made the recommendation, as he had already explained it to the Defendant, of two-fifteen year sentences to run concurrently and Judge Fishel then passed sentence following the recommendation of the County Attorney. * *"

Mr. Farley, the Deputy Sheriff, verified that the conversation took place between Mr. Clark, and his client, Mr. Menifee.

It may be readily observed by the above and foregoing testimony that petitioner entered his plea with the full knowledge of the consequences of his plea, and without objection.

█ No doubt, petitioner was first confused by the descriptive label of the crime: "Assault with Intent to Rape First Degree." It has been recognized by this Court that in order to ascertain the nature of the crime related in the information, one must rely upon the charging part and its context.

This Court laid down the rule in Ex parte Smith, 95 Okl.Cr. 370, 246 P.2d 389, wherein it said:

"Where the charging part of an information brings a crime within the provisions of a specific statute, descriptive label given to such charge by prosecutor will not bring crime within provisions of general statute prescribing a greater penalty, but the charging part of the information must be looked to in order to determine character of the offense."

█ This Court is of the opinion that the charging part of the information is sufficient to charge the crime of Attempted Rape as set forth in Title 21, O.S.A. § 42, as it sets forth the acts constituting the attempts and the manner in which they were executed; to-wit:

"displacing her clothes, putting his hands on the private parts of her body, and struggling and contending with her, and threatening to use physical force and violence by striking her with a rock, then and there held in his hand, with the unlawful and felonious intent upon the part of said defendant to then and there rape, ravish, and carnally know and have sexual intercourse with said female."

This same proposition was discussed in the early case, Williams v. State, 10 Okl.Cr. 336, 136 P. 599, wherein the defendant was charged by the following language in an information:

" 'One James Williams, then and there being, did then and there intentionally, unlawfully, willfully, and feloniously make an assault upon one Mrs. W. W. Hyden, a female person over the age of eighteen years, and of previous chaste and virtuous character, with an intent, her, the said Mrs. W. W. Hyden, unlawfully and feloniously to rape, ravish, and carnally know, and he, the said James Williams, did then and there attempt to unlawfully and feloniously rape, ravish, and carnally know the said Mrs. W. W. Hyden; the said Mrs. W. W. Hyden not being the wife of the said James Williams.' "

The jury found him guilty as charged in the information and left the punishment to the court. The trial judge sentenced defendant to a term of 25 years. Upon appeal, defendant's contention is the same as petitioner's in the instant case. The Attorney General filed a confession of error in the Williams case, as follows:

" 'Our Code recognizes two separate and distinct crimes in this respect, each punishable under separate provisions of the law. It follows then that, in order for this judgment to stand, the information should have been sufficient to charge the crime of an attempt to commit rape. In this respect we think it fatally defective, in that it does not set out the facts which constituted the alleged attempt. It is, however, perhaps sufficient to charge the crime of assault with intent to commit rape, and, as the trial court instructed on the law applicable to such an assault, and as the jury returned a general verdict of guilty as charged in the indictment, we think the court should have pronounced judgment, and sentenced the defendant under section 2338, supra.' " [Title 21, O.S.A., § 681]

The Court said in the Williams case, supra, in substance, that: "[i]n a prosecution for attempt to commit rape under section 2803, (Rev.Laws) [1910] [T 21-§ 42] of the Penal Code, in order to constitute a good charge of attempt to commit the crime of rape, *it is necessary to aver in the information some act done toward the commission of the crime and the failure. It is also necessary to aver, where the female is over the age of eighteen years, an intent to feloniously have sexual intercourse by committing rape* as defined by the Penal Code * * *."

█ We feel that the information in the instant case contained every element of attempted rape, and was *sufficient to sustain* the charge as recognized under Title 21, O.S.A. § 42.

It is therefore, the holding of this Court that the trial judge did not exceed his jurisdiction in the assessment of the punishment; and the Writ is therefore, denied.

BUSSEY and BRETT, JJ., concur.