Ex parte MORRIS BREWER.

No. A-10267.    Sept. 16, 1942.

(129 P. 2d 199.)

Morris Brewer, in pro. per.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

DOYLE, J. Petitioner, Morris Brewer, filed his application for a writ of habeas corpus in this court by mail, on May 5, 1942, wherein it is alleged that he is unlawfully held and restrained of his liberty in the State Penitentiary at McAlester, by Warden Fred Hunt, under an order of commitment issued by the district court of Washita county, on or about the 15th day of December, 1941, upon a judgment rendered in said court upon the verdict of a jury finding said petitioner guilty of the crime of burglary in the second degree, returned in said court on the 24th day of November, 1941.

It is alleged in his petition that on or about the 9th day of October, 1941, upon a preliminary examination held before the county judge of Washita county as an examining magistrate, he was ordered bound over and held for trial in the district court of said county.

That his constitutional rights upon his trial in said court were denied as provided by article 2, secs. 7, 17, and 20 of the State Constitution, and article 14, sec. 1, of the Amendments of the Constitution of the U. S. A.

That September 30, 1941, petitioner was arraigned and entered a plea of not guilty before the said judge of the county court, and on October 9th, the county attorney filed an amended information, charging petitioner with burglary in the second degree, second offense; upon which he had a preliminary examination. That the district court on November 10th ordered the county attorney to file an amended information in said court charging the petitioner with burglary in the second degree, omitting second offense. That he was denied compulsory process to obtain witnesses who would testify in his behalf. That the name William F. Corey, at that time an inmate of the U. S. Reformatory at El Reno, was endorsed as a witness on the amended information. Corey, a material witness for the defendant, did not appear at the trial.

Petitioner further alleges that the jurors were not selected as by law provided and during the progress of the trial the court allowed the jurors to separate and go to their homes over and against the petitioner's objections.

That petitioner alleges there was no evidence to sustain or warrant a conviction of burglary in the second degree.

The petition concludes with prayer that this court will issue and enter an order requiring the State of Oklahoma show cause why petitioner's judgment and sentence should not be declared null and void on the grounds that petitioner has been denied his constitutional rights.

On May 22nd respondent, Warden, filed a demurrer to the petition "for the reason that the same does not state facts sufficient to justify the granting of the writ prayed for. As shown by said petition, petitioner was duly tried and convicted, and the questions attempted

to be presented in this proceeding should, if possessed of any merit, have been brought before this court by appeal."

The well-established rule is that, where a defendant is charged by proper complaint or information with a felony and has a hearing before a committing magistrate, who finds the crime charged to have been committed, and further finds there is probable cause to believe defendant committed it, and thereafter an information charging such crime is lodged in the proper court, the defendant cannot be discharged on habeas corpus on the ground that the evidence adduced at the preliminary is insufficient to show that a felony has been committed or there was sufficient cause to believe the defendant guilty thereof. Ex parte Burroughs, 10 Okla. Cr. 87, 133 P. 1142.

In such cases the defendant has a right to raise this question in the court where the information is pending and by proper plea or motion to quash and set aside.

Section 4893, Rev. Laws 1910, section 693, O. S. 1931, O. S. A. title 12, § 1342, provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: . . .

"Second. Upon any process issued on any final judgment of a court of competent jurisdiction; or, . . .

"Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

Under the foregoing section, subdivisions second and fourth, quoted above, this court is prohibited in proceedings by habeas corpus from examining the proceedings or record in the lower court in the cases mentioned.

Many times this section, including the above subdivisions, has been before this court. It has uniformly been held that the provisions of this section limiting the scope

of inquiry apply only where the court has jurisdiction to render the particular judgment. Ex parte Sullivan, 10 Okla. Cr. 465, 138 P. 815, Ann. Cas. 1916A, 719; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759.

Under this section habeas corpus cannot be used to test sufficiency of indictment or information.

Where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by habeas corpus, however numerous and gross may have been the errors committed during the trial or in the proceedings preliminary thereto. Ex parte Benefield, 31 Okla. Cr. 1, 236 P. 625; Ex parte Barnette, 29 Okla. Cr. 80, 232 P. 456; Ex parte Autry, 58 Okla. Cr. 88, 50 P. 2d 239.

The writ of habeas corpus does not deal with errors or irregularities which render proceedings voidable merely but such only as render them absolutely void.

The review of a judgment of conviction and imprisonment by writ of habeas corpus is limited to the questions: Had the court which rendered the judgment jurisdiction of the offense and of the person convicted? Or did the court in the course of the proceedings which resulted in the judgment lose jurisdiction to render a valid judgment and sentence? Ex parte Lyde, 17 Okla. Cr. 618, 191 P. 606.

It follows, for the reasons stated and the authorities cited, that the demurrer to the petition is well taken and should be sustained.

Wherefore, the application for the writ is denied and the case dismissed.

BAREFOOT, P. J., and JONES, J., concur.