In re TOMMIE KNIGHT.

No. A-10322. Nov. 18, 1942.

(131 P. 2d 506.)

Tommie Knight, in pro. per.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, J. The petition for writ of habeas corpus shows that on August 1st, 1938, in the district court of Oklahoma county, the petitioner, Tommie Knight, was convicted of robbery, after former conviction of a felony, and was in accordance with the verdict of the jury sentenced to serve a term of 40 years in the State Penitentiary.

Petitioner avers that he has been denied his constitutional rights, and is being illegally detained in the Oklahoma State Penitentiary, by Warden Fred Hunt, for the following reasons:

First. That the judgment and sentence rendered against him is too vague, uncertain and indefinite, in that it does not state whether petitioner was found guilty of robbery in the first or in the second degree, and that the punishment assessed is cruel and excessive.

Petitioner further alleges that in such cases as his, the degree of robbery for which he stands convicted must be determined and set forth as a necessary requisite to

"due process of law." Quoting statutes and citing several decisions of this court.

Wherefore, petitioner prays that this Honorable Court will grant a writ of habeas corpus or issue an order that the State of Oklahoma show cause why petitioner should not be restored to his rightful liberty.

The answer of respondent to the rule to show cause why the writ should not issue sets forth a certified copy of the commitment, including the journal entry of judgment and sentence. An excerpt therefrom is as follows:

"It is therefore, hereby considered, ordered, adjudged and decreed by the court that the said Tommie Knight be committed to and be imprisoned in the State Penitentiary at McAlester, in the State of Oklahoma, and confined in the State Penitentiary for the term of Forty (40) years for said offense of robbery after former conviction of a felony."

Section 10 of the Bill of Rights provides:

"The privilege of the writ of habeas corpus shall never be suspended by the authorities of this State." (Const. art. 2, sec. 10.)

It is well settled, by numerous decisions of this and other courts, that the writ of habeas corpus is a writ of right, and cannot be abrogated or its efficiency impaired by legislative action, and under the constitutional guaranty, the cases within the relief afforded by the writ at common law cannot be placed beyond its reach and remedial action by statute. A court of competent jurisdiction is one having power and authority of law at the time of acting to do the particular act, and jurisdiction of the person and of the subject matter is not alone conclusive, but the jurisdiction of the court to render the particular judgment or issue the process is a proper subject of inquiry; and the proceedings of the committing court will be examined so far as necessary to determine

the question of jurisdiction. If there are no legal powers to render the judgment, or issue the process, there was no court of competent jurisdiction, and consequently no judgment or process. All is coram non judice, and void. Ex parte Mingle, 2 Okla. Cr. 708, 104 P. 68; Ex parte Justus, 3 Okla. Cr. 111, 104 P. 933, 25 L.R.A., N.S., 483; Ex parte Sullivan, 10 Okla. Cr. 465, 138 P. 815, Ann. Cas. 1916A 719; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486; Ex parte Brewer, 75 Okla. Cr. 150, 129 P. 2d 199.

It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal.

Before the writ is available as a means of release from confinement, it must appear that the court issuing the process has acted without jurisdiction. Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574.

While it is undisputed that the verdict of the jury finding the defendant guilty of robbery and fixing his punishment at 40 years' imprisonment, and the judgment of the court as rendered in accordance therewith are technically informal in that the jury failed to find the degree of the crime of which he is guilty (sec. 3096, St. 1931, 22 O. S. 1941 § 915) while the statute requires the degree to be found by the jury, however, it has been repeatedly held by this court that "where a verdict is irregular in form, but is not objected to at the time it is returned, and the court given an opportunity to have the jury correct it, every intendment and inference will be indulged to uphold it, and where from an examination of the verdict, and the entire record, the intent and pur-

pose of the jury as expressed in the verdict may be clearly ascertained, it will be upheld."

See Dunbar v. State, 75 Okla. Cr. 275, 131 P. 2d 116, and cases cited.

To entitle one to be released on habeas corpus from a judgment and sentence restraining him of his liberty, the judgment must be void, not merely erroneous.

It is sufficient to dispose of this case to say that as courts take judicial knowledge of their own records and proceedings, it appears that an appeal was taken from the judgment in question and said judgment was by this court affirmed.

We have carefully examined the record and case-made, on said appeal, entitled Knight v. State, 68 Okla. Cr. 122, 95 P. 2d 905, 912, and it nowhere appears in said record and case-made that the defendant, Tommie Knight, challenged either in said district court, or on his appeal in this court, the jurisdiction of the trial court.

It appears that said petitioner was represented by able counsel, in the trial court, and it appears that no objection was made to the reception of the verdict, nor do we find from the record that this question was ever raised in the trial court. Thus it appears the question was raised, and for the first time presented in his petition for writ of habeas corpus in this court.

Judge Davenport, writing the opinion of the court, affirming the judgment of conviction in Knight v. State, supra, used the following language:

"The defendant in this case is not only guilty of robbery, but is guilty of making a vicious assault on the prosecuting witness, W. P. Dorris, and beating him into insensibility, and incapacitated him for any further resistance; then stole the money of the defendant and his car, and drove away from the cabin where the robbery took place."

And concludes as follows:

"The defendant Knight was a habitual criminal; and while the punishment imposed by the jury in this case seems large, yet this court feels that the only way to break up the robbery of these people is to sustain the verdict of the jury, where the defendant has been given a fair and impartial trial."

The trial court had jurisdiction of the crime charged in the information; the judgment and sentence pronounced and entered was in conformity to the verdict of the jury:

It follows that the petitioner is lawfully imprisoned under said judgment and sentence.

For the reasons stated, the writ of habeas corpus was, and is denied.

BAREFOOT, P. J., and JONES, J., concur.