Ex parte ELMER FRAZIER.

No. A-10458.     March 8, 1944.

(146 P. 2d 849.)

W. N. Redwine, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus instituted by the petitioner, Elmer Frazier, to secure his release from confinement in the State Penitentiary at McAlester.

In the verified petition filed herein it is alleged that the petitioner is restrained of his liberty and is being confined to the State Penitentiary by reason of a judgment and sentence pronounced against him in the district court of Tulsa county on June 5, 1937, wherein he was sentenced to serve 25 years in the State Penitentiary for the offense of robbery with firearms. That he was delivered to the warden of the State Penitentiary on June 7, 1937, and has been therein confined since that date.

The petition further alleged that the petitioner had been arrested in California on a charge of kidnapping a resident of Tulsa county. That he was removed to Oklahoma, but at the hearing before a United States Commissioner the person whom he is alleged to have kidnapped refused to identify him and the case was dismissed.

The petitioner further alleges that while he was confined in the federal jail the county attorney filed a charge of robbery with firearms against him, alleging that he had robbed one J. P. Gray of the sum of $8. That said case was continued for hearing before the justice of the peace from time to time for several weeks and was finally dismissed. That the officers continued to hold him in the federal jail, without any charge at all, for about six more weeks when a new complaint was filed in the state court charging him with the identical offense of robbery with firearms, as was set forth in the first complaint which was filed against him. That after a preliminary examination he was bound over to the district court for trial. That on May 19, 1937, the petitioner was arraigned in district court, entered his plea of not guilty and the court appointed the public defender of Tulsa county to represent said petitioner. That the petitioner gave the public defender the names of some witnesses in Kansas City who knew that petitioner was not in Tulsa on the date the alleged crime was committed, but was in Kansas City on that date, but the court refused to continue the case in order to give petitioner an opportunity to get said witnesses.

The petitioner further alleged that the public defender refused to properly represent him in the trial and after he was convicted and sentenced that the public defender refused to appeal his said case. That if the public defender had properly represented him he would not have been convicted.

Attached to the petition is a copy of the information filed in the district court of Tulsa county and a copy of the judgment and sentence pronounced against petitioner in conformity to the verdict of the jury.

The information sufficiently alleges the crime of rob-

bery with firearms and there are no defects apparent on the face of the journal entry of judgment and sentence.

It is elementary law that in a habeas corpus proceeding only jurisdictional questions may be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal. In re Knight, 75 Okla. Cr. 316, 131 P. 2d 506; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549.

All of the allegations of the petition concern facts which do not affect the jurisdiction of the court and may not be presented in a habeas corpus proceeding. Over six years have elapsed since the confinement of petitioner in the State Penitentiary. It is, of course, now too late in which to file an appeal in this court. If the statements of petitioner are true, his only recourse at this time is to have them submitted to the Governor for his consideration in determining whether the petitioner is a fit subject for executive clemency.

The writ of habeas corpus is accordingly denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.