## Ex parte EUGENE D. FISHER.

No. A-11123.   Nov. 3, 1948.

(199 P. 2d 238.)

Eugene D. Fisher, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

BAREFOOT, P. J.   This is an original proceeding in habeas corpus, instituted by the petitioner, Eugene D.

Fisher, to secure his release from confinement in the State Penitentiary.

Attached to the petition is a copy of the judgment and sentence, and subsequent to the filing of the petition, the petitioner filed an affidavit in support thereof.

This petitioner comes into this court without an attorney, his petition and the affidavit having been prepared and filed by him.

The verified petition alleges, in substance, that on February 13, 1946, the petitioner was sentenced to serve a term of 25 years in the State Penitentiary by the district court of Bryan county on a charge of rape in the first degree, allegedly committed upon his minor stepdaughter in the month of December, 1945. Attached to his petition is a copy of the judgment and sentence, and what is termed a "supporting brief." This brief contains the statement: "The Hon. Victor C. Phillips represented the State as County Attorney, and your petitioner was not represented by counsel." In the affidavit filed by petitioner, he states: "The court appointed an attorney to represent me, and this attorney entered a plea of guilty for me." And further on: "And my court-appointed lawyer recommended twenty to twenty-five years for me."

This court is very liberal in construing petitions filed by inmates of the state institutions which are prepared without the advice and assistance of an attorney. Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte Cassidy, 83 Okla. 159, 174 P. 2d 271; Ex parte Smith, 84 Okla. Cr. 446, 184 P. 2d 118; Ex parte Allen, 86 Okla. Cr. 48, 192 P. 2d 289.

The only point raised is that petitioner was without counsel, and that the county attorney had agreed to rec-

ommend a sentence of five (5) years upon a plea of guilty, and failed to do so.

The general rule of this court, as often announced, is that where a prisoner is in custody under sentence of conviction and seeks his discharge on habeas corpus, the inquiry is limited to the questions of whether or not the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and if the court had jurisdiction to render the particular judgment. Ex parte Thomas, 56 Okla. Cr. 258, 37 P. 2d 829; Ex parte Maynard, 79 Okla. Cr. 215, 153 P. 2d 505; Ex parte Wade, 82 Okla. Cr. 215, 167 P. 2d 920.

Here petitioner entered a plea of guilty in the district court to a charge of rape in the first degree. No attempt was made to appeal from the judgment and sentence. According to his own admission, he was represented by counsel, who recommended a sentence of from 20 to 25 years. Petitioner could have been given the death penalty, or life imprisonment, under the terms of the statute under which he was prosecuted, 21 O. S. 1941 §§ 1114 and 1115, and the minimum punishment provided by the statute is imprisonment for 15 years.

After an examination of the record before us in this case, it appears conclusively that the district court of Bryan county had jurisdiction of the person of the accused, and of the offense charged, and there is nothing before us to show lack of jurisdiction in the trial court to pronounce the judgment and sentence.

The petition for writ of habeas corpus is denied.

JONES and BRETT, JJ., concur.