# HANKS v. WATERS.

No. A-11650.  Jan. 16, 1952.

(240 P. 2d 115.)

Loyd Hanks, pro se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, J.  Without the aid of counsel, Loyd Hanks filed in this court his petition for habeas corpus, seeking his release from the penitentiary.  After consideration of the same, and because of our desire to liberally construe petitions filed by inmates of the penitentiary to determine whether such person may be illegally confined, a rule to show cause was issued, and a response has been filed by the Attorney General on behalf of the warden.

In his response the Attorney General attaches copies of the judgments and sentences of the district court of Coal county, Oklahoma, entered on December 1, 1948, in eight different cases, all charging this petitioner with larceny of domestic animals, and in each case the defendant entered a plea of guilty, and was sentenced to serve ten years, and the sentences were to run concurrently. A copy of petitioner's prison record is also attached, showing that this is his first term, and that he escaped on October 20, 1949, and was not returned until August 7, 1951.

The record shows that this petitioner was charged jointly with one Rufus Coffee.  In his petition he states that Rufus Coffee is his father-in-law, and that petitioner was not guilty of the crimes charged, but was the innocent victim of a "ring", and that he entered a plea of guilty in order to save his wife from worry.  He asks that the case be remanded to the district court of Coal county for further consideration.

There are no facts alleged in the petition which show that the judgments and sentences, or any of them, which petitioner is serving are void.  The general rule of this court, as often announced, is that where a prisoner is in custody under sentence of conviction, and seeks his discharge on habeas corpus, the inquiry is limited to the questions of whether or not the court in which the prisoner was convicted had jurisdiction of the person of the defendant, and of the crime charged, and if the court had jurisdiction to render the particular judgment.  Ex parte Fisher, 88 Okla. Cr. 1, 199 P. 2d 238, and cases cited. And where a conviction has become final, and no appeal has been lodged in

this court, the Criminal Court of Appeals may not then modify the sentence assessed against an accused, and will not remand his case to the trial court for further consideration.

From an examination of the record before us, it appears conclusively that the district court of Coal county had jurisdiction of the person of the accused, and of the offense charged, and there is nothing before us to show lack of jurisdiction in the trial court to pronounce the judgment and sentence. This petitioner entered a plea of guilty in the district court of Coal county to eight charges of larceny of domestic animals. No attempt was made to appeal from any of the judgments and sentences.

Since the Criminal Court of Appeals is without authority to grant the relief sought in the petition, it follows that the petition for writ of habeas corpus should be, and the same is hereby denied.

BRETT, P. J., and JONES, J., concur.