In the Matter of the Habeas Corpus of
Marvin A. YODER, Petitioner,

H. C. McLeod, Warden of the Oklahoma
State Penitentiary, Respondent.

No. A-12367.

Criminal Court of Appeals of Oklahoma.

June 20, 1956.

Rehearing Denied July 18, 1956.

Sid White, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., for respondent.

BRETT, Judge.

This is an original action by petition for habeas corpus brought by Marvin A. Yoder. In substance the petition alleges that the petitioner, Yoder, is being unlawfully restrained of his liberty in the state penitentiary at McAlester, Oklahoma, by Honorable H. C. McLeod, Warden thereof. The cause of said restraint, he alleges, is

a certain judgment and sentence entered on the 13th day of November, 1954, in the District Court of Payne County, Oklahoma, to a charge of grand larceny of drilling bits to which charge the petitioner pleaded guilty and received sentence of confinement of two and one-half years in the state penitentiary at McAlester, Oklahoma.

The petitioner's contentions are predicated on the following stated facts. The petitioner alleges that on June 29, 1954, he entered a plea of guilty to a charge of violating the national firearms act in the United States District Court of New Mexico and that on said plea of guilty, he was immediately incarcerated in the Federal Penitentiary at Leavenworth, Kansas. Some time thereafter, he filed in said District Court a petition for writ of habeas corpus alleging that the indictment upon which he was convicted was void. It further appears that on October 19, 1954, there was filed in the District Court of Payne County, Oklahoma, a petition for writ of habeas corpus ad prosequendum to obtain jurisdiction of the person of the petitioner, Marvin Yoder, for the purpose of plea and hearing on a charge of grand larceny of certain drilling bits. It further appears that on October 19, 1954, an order for writ of habeas corpus ad prosequendum was entered by Honorable Robert L. Hert, District Judge of Payne County, Oklahoma, directed to the United States Marshal for the District of Kansas and the United States Marshal for the Western District of Oklahoma and the Warden of the Federal Penitentiary, Leavenworth, Kansas, commanding them to bring the body of Marvin A. Yoder before the District Court of Payne County, Oklahoma, on November 13, 1954, in order that a hearing might be had on said charge of larceny of drilling bits pending in said court and further reciting:

" * * * and as soon as said hearing has been had that he then be returned to the United States Penitentiary at Leavenworth, Kansas; and said Warden of said Penitentiary is hereby ordered and directed to release and surrender said prisoner to the United States Marshall for the District

of Kansas and the United States Marshall for the Western District of Oklahoma for such purpose, or as otherwise ordered by said Court."

It thereafter appears that on a hearing had on the said charge of the 13th day of November, 1954, the said petitioner was, on a plea of guilty, sentenced to imprisonment in the State Penitentiary at McAlester, Oklahoma, for a term of two and one-half years for the said offense of grand larceny, said term of sentence to begin at and from the date of his delivery to the warden thereof. Among other things, it was ordered that the Sheriff of Payne County transport the said Marvin Yoder to the State Penitentiary.

In this connection it is contended by the petitioner that the order directed that he be forthwith delivered to the State Penitentiary. Our examination of the judgment and sentence and mittimus does not disclose that delivery to the warden of the State Penitentiary was directed to be forthwith executed.

It further appears that under the terms of the writ ad prosequendum and the rule of comity and reciprocity between sovereignties that as soon as the petitioner had entered his plea and had been sentenced, he was released to the Marshal for the Western District of Oklahoma who in turn delivered him to the Marshal of the District of Kansas who in turn delivered him to the Warden of the Federal Penitentiary at Leavenworth, Kansas.

It further appears that thereafter, on the 4th day of March, 1955, hearing was had upon the petitioner's petition for habeas corpus in the District Court of New Mexico, wherein it was held that the court which imposed judgment and sentence upon him in said federal jurisdiction lacked jurisdiction to impose the same and ordered and directed that the same be vacated and that the said Marvin A. Yoder be released and discharged from custody.

The petitioner contends that he was returned to the United States Marshal for the District of Kansas without warrant or

authority and that by reason of the failure of the Sheriff of Payne County, Oklahoma, to forthwith execute the judgment and sentence imposed on the 14th day of November, 1954, he was thus compelled to serve, in said Federal Penitentiary, time on a void judgment until he was delivered to the penitentiary at McAlester, Oklahoma, on March 6, 1955, and thus the petitioner during all of said time was confined in the penitentiary in Kansas after the imposition of the sentence by the District Court of Payne County, was held in said Federal Penitentiary by the consent of the officers of the State of Oklahoma during which time he might have been serving the valid sentence imposed by the State of Oklahoma; that all the said things were done with the consent of the officers of the State of Oklahoma without any agreement upon the part of the petitioner when he was helpless and unable to elect for himself the place of his imprisonment; that he has paid his debt to society with allowances for good behavior by serving said sentence of two and one-half years if allowed the time served in the penitentiary at Leavenworth under the void judgment and sentence.

We are confronted by a unique proposition which might strongly appeal to the Pardon and Parole Board as it does to our sympathies. But, we are controlled by the law, and there are several legal reasons why the relief herein prayed for cannot be granted. First, where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions of whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged and did the court have jurisdiction to render the particular judgment. Ex parte Matthews, 85 Okl.Cr. 173, 186 P.2d 840; Ex parte Smith, 83 Okl.Cr. 199, 174 P.2d 851. Ex parte Frazier, 78 Okl.Cr. 230, 146 P.2d 849, 850, wherein it was said:

> "All the allegations of the petition concern facts which do not affect the jurisdiction of the court and may not be presented in a habeas corpus proceeding."

Such is the situation herewith confronting this court. It is not asserted that the District Court of Payne County in State v. Yoder, No. 2743, lacked jurisdiction of the defendant, of the subject matter, or was without authority to pronounce the judgment and sentence rendered. Unless something more occurred or was done by the state to defeat jurisdiction, then relief by habeas corpus is unavailable.

The record shows the trial court in Payne County had obtained jurisdiction of the petitioner, Marvin Yoder, on writ ad prosequendum from the federal authorities in Leavenworth, who first imprisoned him. But, he says this imprisonment proved unlawful and he should have been serving the state sentence. That is, if the sheriff had immediately taken the petitioner to the penitentiary, as the petitioner contends he should have done. But, the fact Yoder may have been unlawfully detained by the United States is no lawful concern of the state. We are not required by law to make amends for errors committed by another sovereignty. In this case, that is a matter of concern only for the United States. The fact is whether rightfully or wrongfully, Yoder was the prisoner of the federal government and it could not, without its consent, be deprived of custody by the state of Oklahoma, until the federal government was through with him. But, the federal government loaned Yoder's presence temporarily to the state of Oklahoma for plea and hearing on the grand larceny charge, without intent to completely surrender its prior jurisdiction and its right of custody over him. Moreover, the prior right of the United States continued unchanged until the exercise of its powers had been exhausted or until its jurisdiction was waived, or he was discharged according to law. In case of waiver, a waiver by the United States of its jurisdiction would extend no further than it was intended to extend.

We are of the opinion that the Sheriff of Payne County under the terms of the writ ad prosequendum could not lawfully take Yoder from the United States Marshal and imprison him in the penitentiary, since under the terms of the writ ad

**1087**

prosequendum the Marshal had lawful custody of him, both actual and constructive. The state of Oklahoma obtained temporary jurisdiction of Yoder under the writ for the pronouncement of judgment and sentence against him only, with execution thereof to follow when the federal jurisdiction was exhausted. Zerbst v. McPike, 5 Cir., 97 F.2d 253; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653, 655. In the latter case it was said:

"Embedded in the question presented is an interplay between state and federal sovereignties in the exercise of the power of each to enforce and vindicate its laws. Out of the exercise of this power has evolved the now axiomatic rule of law that a sovereignty, or its courts, having possession of a person or property cannot be deprived of the right to deal with such person or property until its jurisdiction and remedy is exhausted and no other sovereignty, or its courts, has the right or power to interfere with such custody or possession. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Ex parte Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Covell v. Heyman, 111 U.S. 176, 4 S.Ct. 355, 28 L.Ed. 390. * * *

"As an easy and flexible means of administering justice and of affording each sovereignty the right and opportunity to exhaust its remedy for wrongs committed against it, there has evolved the now well established rule of comity which is reciprocal, whereby one sovereignty having exclusive jurisdiction of a person may temporarily waive its right to the exclusive jurisdiction of such person for purposes of trial in the courts of another sovereignty. Thus the offender is accorded a speedy trial and the administration of justice is expedited by the availability of evidence, which might through lapse of time be lost, but such a waiver is a matter addressed solely to the discretion of the sovereignty, or its representatives having power to

grant it. Ponzi v. Fessenden, supra, and Ex parte Aubert, D.C., 51 F.2d 136. The privileges granted by this flexible rule of comity should and must be respected by the sovereignty to which it is made available, and this respectful duty is reciprocal, whether federal or state, because neither sovereignty has the power to override it. Under the free exercise of this rule, no right or immunity granted by the constitution, laws, or treaties of the United States, is invaded or impaired.

\* \* \* \* \* \*

"The writ here was issued in accordance with a form, no doubt traditionally used for the purpose of acquiring temporary jurisdiction, and the language used therein is formal and may be subject to some ambiguity, but its legal import when measured by the rule which governs its issue, is unmistakenly clear and its offices and purposes here cannot be distorted.

"The writ commands the Warden of the Oklahoma State Penitentiary to deliver the body of the petitioner to the Marshal for the Northern District of Oklahoma, for the purposes of trial on an indictment returned to that court and specifically commands the Marshal to make return as 'provided by law.' In these circumstances, it cannot be presumed that the United States District Court made demand upon the Warden of the Oklahoma State Penitentiary for the custody of the petitioner in derogation of the rule of comity, which governs the exercise of the power to command. Likewise, it cannot be presumed that the judgment and sentence was contrary to, or intended to violate the rule. The Marshal in making his return on the Writ stated that he returned the petitioner to the Warden of the state penitentiary, as 'within commanded.' Here again, the full import of the writ, and the judgment and sentence of the court was understood by the Marshal to be in accordance with the established rule gov-

erning its exercise. The Marshal returned the petitioner to the Warden of the Oklahoma State Penitentiary because the law did not authorize him to do otherwise."

Stamphill v. Johnston, 9 Cir., 136 F.2d 291; Strewl v. McGrath, 89 U.S.App.D.C. 183, 191 F.2d 347, 348; Werntz v. Looney, 10 Cir., 208 F.2d 102, 103, wherein it was held:

"A prisoner may be taken from custody of one sovereign, with its consent, to be tried in courts of another without loss of right to possession of prisoner."

What was said in the last quoted authorities applies reciprocally to states obtaining temporary jurisdiction of a prisoner for hearing from the federal government.

█ We are therefore of the opinion that the District Court of Payne County obtained jurisdiction of Yoder through aid of the custody of the Marshal of the Western District of the state of Oklahoma as the agent of the Warden of the Leavenworth penitentiary for the limited purpose of making possible jurisdiction of the state of Oklahoma for plea and hearing on the grand larceny charge. Actually, custody of Yoder continued at all times in the Warden of the federal penitentiary, through his agents, the Marshals hereinbefore named. We believe Judge Hert intentionally recognized the rule of comity between sovereigns as evidenced by the condition set forth in the writ ad prosequendum, directing the Marshal upon completion of the hearing to return Yoder to the federal Warden's custody. The trial court's entire conduct in the proceedings accords with the well established reciprocal rules of comity between sovereigns, so clearly expressed in the case of Lunsford v. Hudspeth, supra.

It is thus apparent that there being no defects of jurisdiction as far as the judgment and sentence in Payne County is concerned, relief by habeas corpus must therefore be denied.

POWELL, J., concurs.