**Bobby Reese PORTER, No. 61520,**
*Petitioner,*

v.

**R. R. RAINES, Warden Oklahoma State Penitentiary, Respondent.**

**No. A–12003.**

Court of Criminal Appeals of Oklahoma.
March 1, 1961.

Bobby Reese Porter, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

Bobby Reese Porter, No. 61520, has filed in this Court a petition for writ of habeas corpus, alleging that he is confined in the State Penitentiary at McAlester by virtue of a conviction had in the district court of Canadian County, Oklahoma, where the charge was rape in the first degree, and in which petitioner was sentenced to serve forty years in the penitentiary.

To this petition the Attorney General has filed a response on behalf of the Warden, and attached thereto a photostatic copy of the judgment and sentence rendered, and the prison record of petitioner.

The only issues raised by the petitioner are that his attorney appointed by the district court of Canadian County failed to appeal his case, that he was lead to believe that such attorney was preparing his case for appeal, and that by reason of the failure of the attorney to appeal he was deprived of his constitutional right of appeal; and, further, that the attorney who represented petitioner at his preliminary hearing later became assistant county attorney, thus violating the rights of petitioner.

This Court is very liberal in constructing petitions filed by inmates of state institutions without the advice and assistance of an attorney. Ex parte Fisher, 88 Okl.Cr. 1, 199 P.2d 238 and cases cited.

No other or further grounds are given as a basis for the issuance of the writ of habeas corpus.

It is elementary law that where petitioner is in custody under sentence of conviction and seeks his discharge by habeas corpus, the inquiry is limited to questions of whether or not the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and if the court had jurisdiction to render the particular judgment, and did not exceed its authority in pronouncing judgment and sentence. The writ cannot be invoked for the purpose of reviewing the acts of courts of record where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal. Ex parte Frazier, 78 Okl.Cr. 230, 146 P.2d 849; Ex parte Knight, 75 Okl.Cr. 316, 131 P.2d 506.

There is no question, and it appears conclusively that the district court of Canadian

County had jurisdiction of the person of the accused and of the offense charged, and there is nothing before us to show lack of jurisdiction in the trial court to pronounce the judgment and sentence. Ex parte Fisher, supra.

The penalty on conviction for the crime charged, and for which the defendant was found guilty, could have been death, or imprisonment for life. The defendant was sentenced to forty years. The minimum provided by the statute is imprisonment for fifteen years. 21 O.S.1951 §§ 1114, 1115.

All of the allegations of the petition concern facts which do not affect the jurisdiction of the trial court, are matters over which this Court has no control, and may not be presented in a habeas corpus proceeding.

The writ of habeas corpus is accordingly denied.

BUSSEY, J., concurs.