**Leonard Joe BAKER, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–13547.**

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1964.

Leonard Joe Baker, pro se.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

Without the aid of counsel, Leonard Joe Baker filed his petition in this Court on June 29, 1964, alleging that he is unlawfully imprisoned at the Oklahoma State Penitentiary at McAlester by Ray H. Page, Warden thereof, and asked this Court to grant a writ of habeas corpus discharging petitioner from such imprisonment.

In his response to the rule to show cause, the Attorney General attaches a copy of the judgment and sentence of conviction, showing that the defendant was convicted on January 2, 1964 in the district court of Tulsa County of the crime of unauthorized use of a motor vehicle, after former conviction of a felony, and sentenced to serve seven years in the state penitentiary.

Petitioner alleges that on January 2, 1964 he gave notice in open court of his intention to appeal to the Court of Criminal Appeals, and that the public defender, who had been appointed to defend him, assured him that his case would be appealed. That on February 2, 1964 petitioner signed an affidavit forma pauperis that had been prepared by his said attorney at the state penitentiary in McAlester, and he attaches a copy of said affidavit, as well as a copy of the motion for new trial, to his petition. Petitioner alleges that he heard nothing further from his attorney, and appeal was not filed.

There is nothing before this Court to show that notice of intention to appeal was given, and no orders or minutes of the court granting this petitioner time within which to secure and file casemade on appeal.

█ No facts are alleged in the petition which show that the judgment and sentence which the petitioner is serving is void. The general rule of this Court, as often announced, is that where a prisoner is in custody under sentence of conviction, and seeks his discharge by habeas corpus, the inquiry is limited to questions of whether or not the court in which the prisoner was convicted had jurisdiction of the person of the defendant, and of the crime charged, and if the court had jurisdiction to render the particular judgment. Ex parte Fisher, 88 Okl. Cr. 1, 199 P.2d 238, and cases cited; Hanks v. Waters, 95 Okl.Cr. 84, 240 P.2d 115. And where a conviction has become final and no appeal has been lodged in this Court, the Court of Criminal Appeals may not modify the sentence assessed against the prisoner, and will not remand his case to the trial court for further consideration.

█ From an examination of the record before us, it appears conclusively that the district court of Tulsa County had jurisdiction of the person of the accused, and of the offense charged, and there is nothing before us to show lack of jurisdiction of the trial court to pronounce the judgment and sentence.

Since the Court of Criminal Appeals is without authority to grant the relief sought in the petition, it follows that the petition for writ of habeas corpus should be, and the same is hereby denied.

BUSSEY and NIX, JJ., concur.