Timothy Charles PROCK, #74692,
Petitioner,

v.

DISTRICT COURT OF TULSA COUNTY,
and the State of Oklahoma, Respondents.

No. A–14179.

Court of Criminal Appeals of Oklahoma.

July 5, 1967.

Timothy Charles Prock, pro se.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Hugh H. Collum, Asst. Attys. Gen., for respondents.

BRETT, Judge:

Timothy Charles Prock has filed in this Court a petition for writ of habeas corpus and/or post conviction appeal, alleging that he is confined in the state penitentiary by virtue of twelve separate convictions had in the district court of Tulsa County, Oklahoma, and in which petitioner was sentenced in each of said twelve cases to serve twelve years in the penitentiary, all of such sentences to run concurrently. Petitioner gives

the numbers of the cases so filed in the district court, but does not state the nature of any of the charges.

Petitioner admits that he was represented by counsel at his original arraignment, preliminary hearing, district court arraignment, and at the time of his sentence. He further states that he entered pleas of guilty to each of the twelve charges, and states that at the time of sentencing he made no attempt to withdraw his pleas, and did not give notice of intention to appeal; and that he did not request the trial court to furnish him a copy of the transcripts at the expense of the state.

 It is elementary law that where a petitioner is in custody under sentence of conviction and seeks his discharge by habeas corpus, the inquiry is limited to questions of whether or not the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and if the court had jurisdiction to render the particular judgment, and did not exceed its authority in pronouncing judgment and sentence. The writ can not be invoked for the purpose of reviewing the acts of courts of record where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal. Ex parte Frazier, 78 Okl.Cr. 230, 146 P.2d 849; Porter v. Rains, Okl. Cr., 359 P.2d 1085, and many other cases so holding.

To the petition the Attorney General has filed a response, and also a supplemental response. To the supplemental response is attached an affidavit by Jay Dalton, attorney for Petitioner, wherein he states that petitioner was fully advised of all of his constitutional rights, and particularly his right to appeal to this Court, prior to entering his pleas; that affiant advised petitioner upon several occasions, both prior and subsequent to the time he entered pleas of guilty to the charges against him, and that he entered such pleas voluntarily and without any coercion. That petitioner advised his attorney that it would not be necessary to file an appeal.

There is also attached to the supplemental response a transcript of the proceedings (consisting of eight pages) upon the pleas of guilty in the twelve cases. This transcript contains the plea made on behalf of the petitioner by his counsel, calling attention to his family status, and urging the court to take such facts into consideration in fixing the punishment. This transcript shows that petitioner had been sentenced to the penitentiary on a prior occasion in two cases, and received a two-year and a three-year sentence, to run concurrently.

 Further, where the requirements of due process of law have been met, and wherein defendant was represented by counsel at every stage of his trial, and wherein all of his constitutional rights were protected, or when the defendant knowingly, intelligently and effectively waived those constitutional rights and entered a plea of guilty, there is nothing from which to appeal, or for an appellate court to review. This petitioner makes no attempt to show that any public official did anything, or failed to do anything to deny him his constitutional rights to an appeal.

 The fact that petitioner feels that his sentences are excessive, as he alleges, is not grounds for post conviction appeal, and the same will not be granted on such grounds.

The petition for writ of habeas corpus and/or post conviction appeal is denied.

NIX, P. J., and BUSSEY, J., concur.