**David Lee SPEER, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Respondent.**

**Nos. A–14638, A–14855.**

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1968.

David Lee Speer, Pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, H. L. McConnell, Asst. Attys. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Petitioner's application for a writ of habeas corpus, Case No. A-14,638, and his application for a post-conviction appeal, Case No. A-14,855, have been combined for disposition.

The record indicates that Petitioner was sentenced to five years for robbery with firearms in the District Court of Oklahoma County, Case No. 28819, which judgment and sentence was affirmed by this Court. Speer v. State, Okl.Cr.App., 397 P.2d 915. Petitioner was received at the Oklahoma State Penitentiary on December 23, 1963. Petitioner was paroled on March 24, 1967, and subsequently returned to the Penitentiary on July 7, 1967, as a parole violater.

His sentence on this charge expired on August 7, 1967.

Petitioner received an additional five years sentence for the crime of burglary in the second degree after former conviction of a felony in the District Court of Oklahoma County, Case No. 33006, on June 22, 1967. In this subsequent proceeding the records indicate that Petitioner was represented by an attorney of his own choice, tried before a jury, and upon his conviction notified of his right to appeal. Petitioner was released from the Penitentiary on August 8, 1967, on the authority of an appeal bond allowed while Petitioner appealed his conviction in Case No. 33006. Petitioner then remained at liberty until his arrest on January 9, 1968, whereupon he was then transferred to the Penitentiary on January 12, 1968.

Petitioner's application for a writ of habeas corpus is apparently concerned with that period of time in which he was on parole from the Penitentiary and then charged for burglary. Petitioner alleges that he was jailed on March 30, 1967, until June 2, 1967, and that this period of confinement was excessive for a parole violater, that he did not receive necessary medical attention during this time, and that he was not represented by an attorney when he was taken before a Justice of the Peace after his arrest for the burglary offense. Petitioner's application for a post-conviction appeal seeks appellate review of his conviction for burglary, Case No. 33006. As grounds justifying an appeal out of time, Petitioner alleges that he was intoxicated by drugs and alcohol and therefore unable to form the intent necessary to commit the crime and that the witnesses against him at his trial were inaccurate and inconsistent.

With regards to the time that Petitioner was jailed as a parole violater it should be remembered that jail time served as a parole violater should be credited on the term of imprisonment. Therefore, any time spent by Petitioner in jail for violating his parole should have been credited

against his term of imprisonment on the first charge of robbery with firearms, Case No. 29919. Wiley v. Pardon and Parole Board, Okl.Cr.App., 429 P.2d 532.

■ Petitioner's allegation that he was not represented by an attorney when he was taken before the Justice of the Peace on the second offense for burglary does not indicate the denial of a constitutional right where Petitioner was subsequently represented by counsel when he entered his plea and at his trial. Representation by counsel at the time a defendant enters his plea and at his trial sufficiently protects the interest of the accused and, furthermore, any errors in the preliminary proceedings are waived at that time without objections. Winchester v. State, Okl.Cr. App., 403 P.2d 257. Accordingly, we find no merit in Petitioner's argument for a writ of habeas corpus.

■ Likewise, the reasons asserted by the Petitioner in seeking a post-conviction appeal do not state a basis for the granting of a review out of time. The question as to whether or not Petitioner was so intoxicated as to be unable to form the intent necessary to commit the crime is an appeal question and not a reason to grant an appellate review out of time as authorized by 22 O.S.Supp.1968, § 1073. The allegation that the witnesses were inaccurate and inconsistent might be a reviewable question if it were properly brought up on appeal, although it is to be remembered that the creditability of witnesses and the weight and value to be given to their testimony are matters within the exclusive province of the jury. Keck v. State, Okl. Cr.App., 376 P.2d 525. Certainly, the weight to be attached to the testimony of the witnesses is not a justification for an appellate review out of time.

■ 22 O.S.Supp.1968, § 1073, provides for appellate review after the original time has expired in which to perfect an appeal. This statute authorizes this court to grant such a review only if it appears that a person confined in a penal institution in Oklahoma has been denied the rights guaranteed to him by United States or Oklahoma Constitution relating to the right of appeal. However, the statutory procedures and time allowed for perfecting an appeal are mandatory. Dentis v. State of Oklahoma, Okl.Cr.App., 411 P.2d 250. The simple failure to perfect an appeal within the statutory time, by itself, is not justification for granting a review out of time. Petitioner has totally failed to indicate how any constitutional right was denied in relation to perfecting his appeal. The record clearly indicates that upon his conviction Petitioner while represented by counsel gave notice of his intent to appeal and was advised of that right. He was granted an appeal bond and allowed to remain at liberty on that bond. The record further indicates that defendant failed to make any attempt to secure a casemade or appointed counsel if such was necessary in order to perfect his appeal. It appears that Petitioner simply failed to make any attempt to perfect his appeal. We thus find that Petitioner was not denied any constitutional right nor has he asserted any basis which would justify the granting of an appellate review out of time.

Petitioner has offered nothing either in his petition for habeas corpus or his petition for post-conviction appeal which would justify the granting of any relief. Accordingly, the petitions are denied and the above styled and numbered causes are dismissed. Writs denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.