Nampehs W. SCOTT, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. A-14898.

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1968.

Nampehs W. Scott, pro se.

G. T. Blankenship, Atty. Gen., H. L. Mc-Connell, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Nampehs W. Scott has made application to this Court for a writ of habeas corpus or post-conviction appeal of the judgment and sentence rendered against him in the District Court of Tulsa County, Oklahoma, Case No. 20843, sentencing him to a term of seven to twenty-one years for the crime of second degree burglary after former conviction of a felony. Petitioner's allegations in support of his application are summarily as follows: (1) in the second phase of the proceedings where Petitioner was charged with former conviction of a felony there was no proper identification of the Petitioner since a mere reading of the information is insufficient; (2) it was error for the trial court to allow a sworn state-

ment as to a prior felony conviction in the second phase of the proceedings; (3) the prosecution failed to show that the prior felony conviction was rendered in accord with due process of law; (4) the sentence imposed was excessive and should be modified in that Petitioner's co-defendant received a term of two years.

◼ Petitioner's first allegations concerning the second phase of the proceedings on the charge of former conviction of a felony numbered (1) through (3) above, are essentially questions as to the sufficiency of the evidence which are matters properly reviewable on appeal. It would be impossible to properly determine these issues in the absence of a casemade of the proceedings. In Matthews v. Raines, Okl.Cr.App., 356 P.2d 783 (1960), this court noted in the first paragraph of its syllabus as follows:

"Errors or irregularities in the course of the proceedings, at or anterior to the trial, which, if presented to an appellate court by way of appeal, must necessarily result in either the reversal of the case or remanding to the trial court for the imposition of a correct sentence, are not sufficient for that reason as grounds for the release of a prisoner upon application for a writ of habeas corpus."

◼ It is a well established rule of this court that a writ of habeas corpus cannot be invoked for the purpose of reviewing acts of courts of record where they acted within their discretion, not for purpose of correcting irregularities or errors as a substitute for an appeal. Prock v. District Court of Tulsa County, Okl.Cr.App., 429 P.2d 795 (1967).

◼ The next allegation of the Petitioner, number (4), that the sentence imposed was excessive as compared to the sentence imposed on his co-defendant does not state a basis for a granting of relief on application for habeas corpus or post-conviction appeal. 21 O.S.1961, § 1436, provides a punishment of two to seven years imprisonment for the crime of second degree burglary. 21 O.S.1961, § 51, provides that a person subsequently convicted after a prior felony conviction for an offense punishable by imprisonment for any term exceeding five years shall be imprisoned in the penitentiary for a term not less than ten years. 57 O.S.Supp.1968, § 353, provides for imposition of a minimum and maximum term within the limits provided as penalty for an offense. Petitioner alleges that he was sentenced for a seven to twenty-one year term; obviously that sentence is within the limits provided by statute. It is true that an excessive judgment and sentence contrary to the appropriate statute will justify the granting of a habeas corpus relief. Application of Halverson, Okl.Cr.App., 339 P.2d 537 (1959). However, where the sentence imposed is within the statutory authorization this court is without the authority to modify on application for habeas corpus. It is well established that this court will only modify a sentence on appeal and not on consideration of habeas corpus. Brown v. State, Okl.Cr.App., 423 P.2d 743 (1967). Williams v. State, Okl.Cr.App., 392 P.2d 65 (1964).

◼ Petitioner alleges nothing further which would justify the granting of habeas corpus relief or post-conviction appeal. Indeed, Petitioner makes no allegation whatsoever that he was denied any right relating to his right to appeal his conviction within the time allowed by statute. Under the authority of 22 O.S.Supp.1968, § 1073, this court may grant an appeal after the original appeal time has expired where constitutional rights relating to the right of appeal have been denied. However, where the allegations of a Petitioner fail to state the violation of any of Petitioner's constitutional rights relating to his appeal, Petitioner is not entitled to an appeal out of time. Zeugin v. District Court of Tulsa County, Okl.Cr.App., 419 P.2d 280.

For the foregoing reasons the application for writ of habeas corpus or post-conviction appeal is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.