Willie GIBSON, Jr., Petitioner,

v.

Ray H. PAGE, Warden and State of Oklahoma, Respondents.

No. A–14678.

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1969.

See also 438 P.2d 500.

Willie Gibson, Jr., pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Willie Gibson, Jr. seeks a post-conviction appeal of the judgment and sentence dated August 30, 1963, in Case No. 20219 in the District Court of Tulsa County, Oklahoma, wherein Petitioner was sentenced to life imprisonment upon a jury verdict finding him guilty of murder. In support of his request for an appellate review out of time, Petitioner alleges that he was denied an appeal of his conviction due to ineffective counsel's failure to perfect an appeal and the failure of the trial court to advise him of his right to appeal as an indigent; that he was not represented by counsel at all stages of the proceedings particularly while he was questioned by police and during his arraignment; that the evidence was insufficient to sustain the verdict; and that the sentence is excessive.

Upon a review of Petitioner's application this court directed that the District Court of Tulsa County conduct an evidentiary hearing on the allegations in support of a postconviction appeal. Said hearing was conducted on July 9, 1968, before the Honorable W. Lee Johnson, District Judge, with Petitioner present and represented by Marion Dyer, a public defender, and the State represented by Ronald Shaffer, Assistant District Attorney. The evidence consisted of testimony of Petitioner's two trial attorneys, Robert B. Copeland and O. S. Graham, as well as another Tulsa attorney, Amos Hall. Also admitted into evidence were certain items of correspondence between Petitioner, the District Clerk of Tulsa County and Court Reporter at his trial. A transcript of the evidentiary hearing and the Judge's findings of fact and conclusions of law thereupon were transmitted to this court along with a partial transcript of Petitioner's trial consisting of the testimony of the arresting officer and Petitioner's own testimony.

Upon the evidentiary hearing the District Judge made the following findings: (1) Petitioner was represented by counsel at all stages of the proceedings after the filing of a preliminary information; he was taken before an examining magistrate on the night of the homicide while represented by Robert Copeland who represented him thereafter along with O. B. Graham at the trial. (2) Petitioner was "advised of his right of appeal at the time of the sentencing and at that time he did not desire to appeal." The court minutes reflect "No intent of appeal shown in open court." The court found that the first indication that Petitioner desired an appeal was on October 12, 1964, almost a year after the date of his sentencing and considerably after the six month period in which to perfect an appeal as allowed by statute. (3) The court further found that there was no basis to the claim that there were illegal admissions against interest by persuasion admitted into evidence since Petitioner's own testimony reveals that he called the police and informed them he had shot the deceased and wanted their protection. (4) The court further found that both Petitioner's trial attorneys believed that Petitioner received a fair and impartial trial; that he was legally convicted; that he actually was guilty of the crime by his own testimony; and that there was no merit in the complaints raised in the application for a post-conviction appeal.

▬ Upon the finding that Petitioner was advised of his right to appeal and waived such right it is apparent that he is not now entitled to an appeal out of time as authorized by 22 O.S.Supp.1968, § 1073, which authorizes an appeal out of time where the convict has been denied some right relating to his right to appeal his conviction. Petitioner knew of his right to appeal but failed to take any action within the time allowed by law to secure such an appeal.

In Leigh v. Johnson, Okl.Cr.App., 440 P.2d 375, this court held in part in its syllabus as follows:

"Defendant must act with reasonable diligence in ordering preparation of case-

made by court reporter, or he may defeat his own appeal because of laches on his part.

"An indigent defendant can waive his right to casemade and appeal at State expense either by his own election of choice, or by his subsequent actions which show him not to be indigent, the same as he can waive any other statutory or constitutional right, so long as such is knowingly and intelligently done.

"Defendant in criminal case may waive any right, not inalienable, given him by statute or constitution which can be relinquished without affecting rights of others and without detriment to community at large; and such waiver may be made either by express agreement or by conduct, or by failure to insist upon right in seasonable time."

■ The allegation that the evidence was insufficient to support the verdict does not justify or warrant the granting of an appeal out of time where the Petitioner has waived that right. Questions as to the sufficiency of the evidence raise matters that are reviewable on appeal where an appeal is properly perfected as provided by statute. Speer v. Page, Okl.Cr.App. 446 P.2d 624. Scott v. State (December 11, 1968) Okl.Cr., 449 P.2d 271.

■ Likewise the allegation that the sentence is excessive is a question reviewable on appeal when an appeal is properly perfected and is not a justification for the granting of an appeal out of time or granting of habeas corpus. Williams v. State, Okl.Cr.App., 392 P.2d 65. However, it is apparent that the sentence was not excessive for the only sentencing alternative upon a finding of guilty to the crime of murder is either life imprisonment or death. It is thus apparent that the sentence was not excessive as it was within the limits provided by statute.

There is no merit to the contention of Petitioner that he was convicted on the basis of an illegal admission made during in-custody interrogation without benefit of counsel. It was the Petitioner himself at his trial who testified that he volunteered the information to the police that he had shot the victim. This is apparent from a review of that portion of the trial transcript containing Petitioner's testimony. In Lung v. State, Okl.Cr.App., 420 P.2d 158, this court in ruling upon the admissibility of volunteered statements in absence of counsel quoted from the United States Supreme Court decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, 10 A.L.R.3d 974, as follows:

"There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

■ The same rule would govern in the instant situation where the accused called the police and volunteered the statement or confession as to the crime and testified to such effect at his trial.

Based upon the findings and conclusions of law of the district judge at the evidentiary hearing had on Petitioner's application for post-conviction appeal and for the reasons set forth above said petition for an appeal out of time is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.