**Willie GIBSON, Jr., Petitioner,**

**v.**

**STATE of Oklahoma, Respondent.**

**No. A–17084.**

Court. of Criminal Appeals of Oklahoma.

Nov. 16, 1971.

Willie Gibson, Jr., pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

This is an appeal from the denial of post conviction relief in the District Court of Tulsa County, Case No. 20,219, wherein the trial court, after reviewing the records made Findings of Fact and Conclusions of Law, which were supported by the record.

The Order Denying Application for Post-Conviction Relief is adopted by this Court and appended hereto.

For the reasons therein stated the trial court's denial of post conviction relief is affirmed.

BRETT, J., concurs in result.

### APPENDIX

District Court in and for Tulsa County
State of Oklahoma

State of Oklahoma,
Plaintiff,

–vs–

Willie Gibson, Jr.,
Defendant.

### ORDER DENYING APPLICATION FOR POST-CONVICTION RELIEF

This matter comes on to be heard on the application of Willie Gibson, Jr., for Post-Conviction Relief and the motion of the State to dismiss.

The Court having read said application and motion to dismiss and having reviewed the files in this case and having read the opinions of the Oklahoma Court of Criminal Appeals in Gibson v. Page, 438 P.2d 500, and in Gibson v. Page, 449 P.2d 711, and being fully informed in the facts and in the law, on consideration thereof

Finds:

1. The grounds for relief which the defendant now seeks to raise, were known to him from the date of his trial on November 13, 1963, and could have been asserted in his prior petitions for habeas corpus or post-conviction appeal.

2. The remark alleged to have been made by Judge W. Lee Johnson, if it was in fact made, in no way deprived the defendant of any constitutional right or affected the verdict of the jury in finding the defendant guilty of Murder or in the punishment assessed.

3. The defendant was represented by private counsel throughout the proceedings. He was advised of his right to appeal after he was sentenced by the Court, and failed to take any steps to perfect an appeal.

The Court therefore concludes that the defendant was afforded due process of law and that his application for Post-Conviction Relief is without merit and should be denied and dismissed.

It is therefore ordered and adjudged that the application of Willie Gibson, Jr., for Post-Conviction Relief be, and the same hereby is denied and said application is dismissed.

Done in open court this 13th day of October, 1971.

s/ Robert G. Green

ROBERT G. GREEN,
District Judge